959 P.2d 465

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Ray SCHUMACHER, Defendant–Respondent.**

**No. 23802.**

Court of Appeals of Idaho.

May 15, 1998.

Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

John F. Porter, Troy, for respondent.

PERRY, Judge.

The state appeals from the district court's order which granted Ray Schumacher's application to have his guilty plea withdrawn, his conviction set aside and the case against him dismissed. We reverse.

## I.

### FACTS AND PROCEDURE

In 1989, Schumacher pled guilty to two counts of delivery of a controlled substance, cocaine. I.C. §§ 37–2701(g), –2705. The district court sentenced Schumacher to consecutive two-year fixed terms, but the sentences were suspended and Schumacher was placed on probation for five years.

Schumacher violated probation twice. The district court found that Schumacher used marijuana in 1989, but reinstated Schumacher on probation. In 1990, the district court again found that Schumacher used marijuana and reinstated Schumacher on probation with an additional term of biweekly reports to the court. In 1992, upon a petition filed by the prosecutor, the district court ordered that Schumacher be discharged from supervised probation.

In 1997, Schumacher filed an application with the district court requesting that his guilty plea be withdrawn and his judgment of conviction be set aside pursuant to I.C. § 19–2604(1). The district court held a hearing whereat the state opposed the expungement application and the restoration of Schumacher's civil rights. The district court thereafter

issued a memorandum decision and ordered that Schumacher's guilty plea be withdrawn, his judgment of conviction be set aside, his case be dismissed and he be discharged. The state appealed.

## II.

### DISCUSSION

The construction and application of a legislative act presents a pure question of law that we review freely. *State v. Browning*, 123 Idaho 748, 749, 852 P.2d 500, 501 (Ct.App.1993). When a statute is clear and unambiguous, it must be interpreted in accordance with its language, courts must follow it as enacted and a reviewing court may not apply rules of construction. *State v. Wiedmeier*, 121 Idaho 189, 191, 824 P.2d 120, 122 (1992).

This is a case of first impression. The statute at issue is I.C. § 19–2604(1), which reads:

If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has *at all times* complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant; and this shall apply to the cases in which defendants have been convicted and granted probation by the court before this law goes into effect, as well as to cases which arise thereafter. The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.

(Emphasis added.).

The state asserts that the district court misinterpreted I.C. § 19–2604(1). The state claims that the statute is clear and unambiguous and that it precludes the expungement of a defendant's record when the applicant has at any time violated the terms of his or

her probation. Therefore, the state argues that because Schumacher violated probation twice, he did not "at all times" comply with the terms of probation and he should not have been allowed to have his record expunged.

The district court determined that a probationer need not comply with the terms of probation "at all times." The district court further found that if the court, within its discretion, determines that the probationer has satisfactorily complied with the terms of probation, then it is within the court's discretion to withdraw the guilty plea, set aside the conviction and dismiss the case, focusing on whether the interests of justice would be served by such action. The district court concluded that because the goal of probation is rehabilitation, and that Schumacher had become a productive member of society, that the interests of justice would be served if his criminal convictions were set aside and he was discharged.

The district court relied on *Manners v. State Bd. of Veterinary Medicine*, 107 Idaho 950, 694 P.2d 1298 (1985) for the proposition that it is within the sentencing court's authority to determine whether the defendant satisfactorily completed the terms of probation. This reliance, however, is misplaced. *Manners* did not address the specific issue in this case. The issue in *Manners* was whether an administrative agency, the Bureau of Occupational Licenses, could revoke a veterinarian's license based on a felony conviction which the district court had previously dismissed pursuant to I.C. § 19–2604(1). The Court concluded that the agency could not rely solely on a dismissed felony conviction as grounds for revocation. *Id.,* 107 Idaho at 952, 694 P.2d at 1300. The Court in *Manners* did not determine the issue at hand in Schumacher's case—whether a defendant must perfectly comply with the terms of probation in order to have his or her record expunged.

■ In reaching its decision in this case, the district court stated:

This court has broad discretion with regard to probation. Idaho Code Section 20–221 provides that the court may impose and may, at any time, modify any conditions of probation or suspension of sentence. I.C. § 20–221 (Supp.1996). In addition, our Supreme Court has held that "after a judge has granted probation, he retains jurisdiction during the probationary period, and has continuing discretion to modify its conditions." *State v. Oyler,* 92 Idaho 43, 47, 436 P.2d 709, 713 (1968). Revocation of probation is also within the discretion of the district court and may occur at any time during the probationary period upon a finding that the probationer has violated the terms of the probation. I.C. § 20–222 (Supp.1996); *State v. Hass,* 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App.1988).

We agree with the district court that it has broad discretion with regards to probation. The district court was correct in determining that it can prescribe the length of probation, the terms and conditions of probation, when probation may be revoked and when the defendant may receive early release. The district court's discretion during the probationary period is not challenged by the state here.

■ Expungement of one's criminal record and restoration of their civil rights, however, is not a continuation of probation. Rather, lawmakers have placed uncompromising restrictions on expungement, prescribing specifically when the sentencing court can and cannot act. The expungement statute creates an extraordinary remedy for a defendant who has strictly adhered to the terms of probation and essentially restores the defendant's civil rights.[1]

---

1. We note that other state statutes also provide requirements that must be met by a defendant before the court may act. *See* NEV. REV. STAT. § 176A.860 (1995) ("A convicted person who is granted an honorable discharge from probation, who has not previously been restored to his civil rights, and who is not convicted of any offense greater than a traffic violation within 6 months after the discharge, may apply to the division to request a restoration of his civil rights."). Other states grant the court discretion in any case to act. *See* CAL. PENAL CODE § 1203.4(a) (West 1997) ("In any case in which a defendant has fulfilled the conditions of probation ... or in any other case in which a court, in its discretion and the interests of justice, determines that a defen-

■ Upon free review, we conclude that I.C. § 19–2604(1) clearly and unambiguously states that a defendant cannot have his or her guilty plea set aside if he or she has violated the terms of probation. The applicable language of the statute states that the court may set aside a guilty plea if "the defendant has *at all times* complied with the terms and conditions upon which he was placed on probation." (Emphasis added.). This language establishes a condition which must be fulfilled *before* the guilty plea may be set aside. The statute does not permit any exception. The plain meaning of the statute is that the defendant must at all times comply with the terms of probation; otherwise, the district court does not have the necessary statutory authority to expunge the record and restore the defendant's civil rights.

Our interpretation of the statute is consistent with the policies underlying expungement. In *State v. Deitz*, 120 Idaho 755, 819 P.2d 1155 (Ct.App.1991), this Court stated that the purpose of the expungement statute is to encourage rehabilitation and deter recidivism. The expungement statute is not designed to benefit repeat offenders. *Id.*, 120 Idaho at 758, 819 P.2d at 1158. Schumacher's original crime was delivery of a controlled substance. While on probation, the district court found Schumacher in violation of probation for two additional drug-related offenses. Allowing Schumacher to have his guilty plea set aside would benefit a repeat offender, which is not a goal of the expungement statute. Therefore, we reverse the order of the district court.

LANSING, C.J., and SCHWARTZMAN, J., concur.

dant should be granted the relief available under this section, the defendant shall ... be permitted

by the court to withdraw his plea of guilty.").