19 P.3d 771

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Malcolm SCOTT, Defendant–Appellant.**

**No. 26261.**

Court of Appeals of Idaho.

Feb. 22, 2001.

Martelle Law Offices, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Chief Judge.

Malcolm Scott appeals from his conviction for felony driving under the influence of alcohol (DUI).. He argues that his December 7, 1993, withheld judgment for misdemeanor DUI could not have properly been used as a predicate for the instant felony DUI charge because he entered a guilty plea to the prior DUI more than five years before he committed the instant offense. We agree and reverse.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 7, 1998, Scott was arrested and charged with DUI, I.C. § 18–8004. Shortly thereafter, the charge was amended to allege that the instant offense was a felony, I.C. §§ 18–8004, 18–8005(5), because Scott purportedly had two prior DUIs within five years.

Scott filed a motion contesting the use, for enhancement purposes, of his first DUI offense, supported by copies of documents from that proceeding. The record reflects that Scott pled guilty to the first predicate misdemeanor DUI on June 1, 1993, but was not sentenced until December 7, 1993, receiving a withheld judgment. The district court denied Scott's motion, explaining that:

> The prior conviction of defendant wherein the defendant pled guilty to a violation of driving while under the influence of alcohol on June 1, 1993, but was not sentenced on said offense until December 7, 1993, is deemed valid for purposes of enhancing this case to a felony.

Scott entered a guilty plea to the felony DUI, preserving his right to appeal from the denial of his motion to determine the applicability of his 1993 withheld judgment for enhancement purposes. At sentencing, the district court imposed a suspended sentence of five years' imprisonment, with two years fixed, and placed Smith on probation for five years. Smith appeals.

# II.

## STANDARD OF REVIEW

This case requires us to construe I.C. § 18–8005(5) in order to determine whether the five-year period during which a third offense DUI is a felony runs from the date the defendant pled guilty to or was found guilty of the first DUI used for enhancement; or from the date the withheld judgment, judgment of conviction and/or sentence was entered. We exercise free review in questions of statutory construction. *State v. Nunes*, 131 Idaho 408, 409, 958 P.2d 34, 35 (Ct.App.1998). In construing this statute, we

must attempt to give effect to the intent of the legislature. The plain language of the statute determines legislative intent. *Id.* When a statute is clear and unambiguous, it must be interpreted in accordance with its language, courts must follow it as enacted, and a reviewing court may not apply rules of construction. *State v. Dewbre,* 133 Idaho 663, 665–66, 991 P.2d 388, 390–91 (Ct.App. 1999); *State v. Schumacher,* 131 Idaho 484, 485, 959 P.2d 465, 466 (Ct.App.1998).

## III.

## ANALYSIS

Idaho Code § 18–8005(5) states, in pertinent part:

> Except as provided in section 18–8004C, Idaho Code, any person who pleads guilty to or is found guilty of a violation of the provisions of section 18–8004(1)(a), (b) or (c), Idaho Code, *who previously has been found guilty of or has pled guilty to two (2) or more violations* of the provisions of section 18–8004(1)(a), (b) or (c), Idaho Code, or any substantially conforming foreign criminal violation, or any combination thereof, *within five (5) years,* notwithstanding the form of the judgment(s) or withheld judgment(s), shall be guilty of a felony. . . .

(Emphasis added). In *State v. Bever,* 118 Idaho 80, 82, 794 P.2d 1136, 1138 (1990), the Idaho Supreme Court held that similar language to that at issue in this case "must be read to proscribe three guilty pleas or findings of guilt within a five year period."[1] Thus, the operative language of this provision provides that in order for a person under a pending DUI charge to be guilty of a felony, he or she must have pled guilty to or been found guilty of two or more DUI offenses within five years. As noted in *Bever,* the legislature clearly identified the "deter-

mination of guilt" to be the event to be considered by the court in determining the application of the statute. *Id.* at 81–82, 794 P.2d at 1137–38.

In *State v. Deitz,* 120 Idaho 755, 756, 819 P.2d 1155, 1156 (Ct.App.1991), this Court, taking notice of *Bever,* held that the controlling event to be considered by the trial court in determining whether the enhanced penalty provisions of I.C. § 18–8005 apply is the determination of guilt, such that a person who pleads guilty and later receives a withheld judgment is a "person who pleads guilty to or is found guilty of a violation" within the meaning of I.C. § 18–8005. Under the plain language of the statute, it is the guilty plea or a guilty verdict, i.e., the finding of guilt, not the imposition of sentence, that must fall within the five-year backward-looking period from the date of the pending offense. *See State v. Pusey,* 128 Idaho 647, 648, 917 P.2d 804, 805 (Ct.App.1996).

Based upon the foregoing, we are constrained to hold that a felony DUI is committed where the defendant has previously pled guilty to or been found guilty of two or more DUI offenses within five years of the date of the pending offense. Had the Idaho Legislature wished to enhance the penalty for DUI where the defendant had previously been *convicted* of or *sentenced* for two or more DUI offenses within five years, it could easily have provided for such in the statutory scheme.[2] Rather, our Legislature has persistently adhered to the language of *pleads guilty* or *is found guilty* as the triggering event. *See also* I.C. § 18–8005(1), (2), (3), (4), (6), (7), (8), (9), (10) and (11).

In the present case, Scott's third DUI offense was committed five years and six days after he had pled guilty to DUI in 1993. Thus, Scott was not a person who, at the time of committing the instant offense, "has been found guilty of or has pled guilty to two

---

1. In 1992, the Idaho Legislature amended I.C. § 18–8005(6) to exclude, for enhancement purposes, the time that elapses between the date of the commission of the third DUI offense and the date a defendant pleads guilty to or is found guilty of that third offense.

2. We note that in 1983, the enhanced penalty provision of Idaho's DUI statute was amended from "[o]n a second or subsequent conviction" to

"[a]ny person who pleads guilty to or is found guilty of a violation . . . for a third time within five (5) years." *See and compare* I.C. § 49–1102(e) (1980) with 1983 Idaho Sess. Laws (Ex. Sess.) ch. 3, § 14, p. 18. In 1984, the DUI statutes were recodified as a new chapter under Title 18, 1984 Idaho Sess. Laws, ch 22, § 2, p. 30, reincorporating this same language.

**460**

(2) or more violations of the provisions of section 18–8004(1)(a), (b) or (c), Idaho Code, ... within five (5) years." Scott's *felony* DUI conviction must, therefore, be set aside.

## IV.

### CONCLUSION

The district court erred in concluding that Scott's 1993 withheld judgment for DUI fell within the five-year period for purposes of enhancing the instant offense to a felony. Accordingly, Scott's felony conviction is reversed and the case remanded for further proceedings consistent with this opinion.

LANSING and PERRY, JJ. concur.

