57 P.3d 782

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Darwin J. JEPPESEN, Defendant–Appellant.**

No. 27414.

Supreme Court of Idaho,
Idaho Falls, September 2002 Term.

Oct. 23, 2002.

Hopkins Roden Crockett Hansen & Hoopes, PLLC, Idaho Falls, for appellant. Lance J. Schuster, Idaho Falls, argued.

Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

EISMANN, Justice.

The defendant appeals the magistrate judge's issuance of a permanent no contact order as part of the defendant's sentence for disturbing the peace. We vacate the no contact order.

## I. FACTS AND PROCEDURAL HISTORY

On December 20, 1999, the State charged the defendant Darwin Jeppesen with the offense of stalking in violation of Idaho Code § 18–7905. The victim of the alleged stalking was Judy Jeppesen, his wife. Pursuant to a plea agreement, that charge was amended to disturbing the peace in violation of Idaho Code § 18–6409. On July 13, 2000, Jeppesen pled guilty to the amended charge, and the magistrate judge sentenced him to a fine of $300 plus court costs, one hundred eighty days in jail, and a permanent no contact order. The magistrate suspended the jail sentence and placed Jeppesen on probation for two years. On July 17, 2000, the magistrate signed the permanent no contact order.[1]

Jeppesen appealed to the district court. He alleged on appeal: (a) that the magistrate judge had no authority to issue a permanent no-contact order; (b) that he did not knowingly and voluntarily plead guilty; (c) that the magistrate judge erred in considering hearsay statements at sentencing; and (d) that the sentence was excessive. On February 26, 2001, the district court entered its decision on appeal. It upheld the judgment in all respects except as to the permanent no contact order. The district court held that the magistrate must make findings of fact

---

1. The terms of the permanent no contact order were as follows:

   IT IS HEREBY ORDERED THAT:
   1. Darwin Jeppesen shall not commit, threaten, or attempt to commit any act of physical injury, sexual abuse or forced imprisonment upon Judy Jeppesen.
   2. Darwin Jeppesen shall not harass or follow and shall not directly or indirectly in any manner contact or attempt to contact Judy Jeppesen, including without exclusion contact by telephone, electronic means, writing or through third persons.
   3. Darwin Jeppesen shall not, even if invited by Judy Jeppesen, go within 300 feet of Judy Jeppesen's residence, employment or other location where Darwin Jeppesen knows Judy Jeppesen is present.
   4. This Order shall be in effect permanently until further written order of the court.

supporting the issuance of a permanent no contact order as opposed to one for a specific, shorter duration. The district court affirmed the conviction and sentence, set aside the no contact order, and remanded the case to the magistrate judge for further findings and, if necessary, a new sentencing hearing.

Without taking additional evidence, the magistrate judge entered additional findings of fact and conclusions of law on March 29, 2001. The magistrate concluded that it was both necessary and appropriate to impose a permanent no contact order in this case prohibiting all future contact between Jeppesen and his wife. It concluded with the statement, "The Court, therefore, hereby adheres to and reaffirms that portion of its original sentence imposing a permanent no contact order." On April 6, 2001, Jeppesen filed a notice of appeal to this Court from the appellate decision entered by the district court on February 26, 2001.

## II. ISSUES ON APPEAL

A. Did the magistrate judge have authority to issue a permanent no contact order as part of the sentence for disturbing the peace?

B. Did the magistrate judge err in considering hearsay statements at the sentencing hearing?

C. Did the magistrate judge impose an excessive sentence?

## III. ANALYSIS

When reviewing a case appealed from a district court's appellate review of a magistrate's decision, this Court makes an independent appellate review of the magistrate's decision, after giving due regard to the district court's ruling. *Head v. State,* 137 Idaho 1, 43 P.3d 760 (2002). This Court will defer to the magistrate's findings of fact if supported by substantial and competent evidence, but will exercise free review of the magistrate's conclusions of law. *Id.*

### A. Did the Magistrate Judge Have Authority to Issue a Permanent No Contact Order as Part of the Sentence for Disturbing the Peace?

The magistrate judge ruled that Idaho Code § 18–920(1) authorizes the issuance

of a permanent no contact order as part of the punishment for any criminal offense. That section, at the time of the offense in this case, provided as follows:

(1) When a person is charged with an offense under section 18–901, 18–903, 18–905, 18–907, 18–911, 18–913, 18–915, 18–918, 18–919, 18–6710, 18–6711, 18–7905 or 39–6312, Idaho Code, or any other offense for which a court finds that a no contact order is appropriate, an order forbidding contact with another person may be issued. A no contact order may be imposed by the court or by Idaho criminal rule.

Ch. 353, § 1, 1998 Idaho Sess. Laws 1111. The State contends that the statute authorized the issuance of a permanent no contact order as an additional criminal penalty in any case in which a person was charged either with one of the listed offenses or with an offense for which the trial court finds that a no contact order is appropriate. Jeppesen contends that the statute did not provide for the issuance of a permanent no contact order. Thus, we must decide whether the statute, as it existed at the time of the offense in this case, provided for the issuance of a permanent no contact order.

When the language of a criminal statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode,* 133 Idaho 459, 988 P.2d 685 (1999). Unless the result is palpably absurd, this Court assumes that the legislature meant what is clearly stated in the statute. *Id.* When the statute is ambiguous as to either the elements of, or the potential sanctions for a crime, this Court strictly construes the statute in favor of the defendant. *Id.* When engaging in statutory construction, this Court must ascertain the legislative intent, and give effect to that intent. *Id.* To ascertain the intent of the legislature, we must examine not only the literal words of the statute, but also the context of those words, the public policy behind the statute and its legislative history. *Id.*

At the time of the offense in this case, Idaho Code § 18–920(1) provided that a court could issue a no contact order when a person was charged with either a listed of-

fense or one for which the court determined that a no contact order was appropriate. The statute did not require that the person be convicted of the offense. He need only be charged. It is unlikely that the legislature would provide that a court could issue a permanent no contact order against a criminal defendant who had not been convicted of any crime. Under the State's interpretation of the statute, a court could issue a permanent no contact order even against a defendant who was acquitted.

■ Statutes that are *in pari materia* are to be construed together to further the legislative intent. *State v. Barnes*, 133 Idaho 378, 987 P.2d 290 (1999). Statutes are *in pari materia* when they relate to the same subject. *Id.* Such statutes are taken together and construed as one system, in order to carry into effect the intention of the legislature. *Id.*

Idaho Code § 18-922(1) provides, "A no contact order may be imposed either by order of the court or by an Idaho criminal rule, as a condition of bond." Construing § 18-922(1) with § 18-920(1), the latter statute only provided for the issuance of a no contact order as a condition of pre-trial release. That construction is consistent with issuing a no contact order for those charged with, but not yet convicted of, the applicable offenses. That construction is also consistent with construing an ambiguity in favor of the defendant.

■ Effective April 12, 2000, Idaho Code § 18-920(1) was amended to add the words "or convicted of" so that the statute would authorize the issuance of a no contact order when a person is charged with or convicted of an applicable offense. Ch. 239, § 1, 2000 Idaho Sess. Laws 669-70. We presume that by amending a statute, the legislature intended to change the previous law. *State v. Long*, 91 Idaho 436, 423 P.2d 858 (1967). If the prior statute was intended to apply to both pre-trial release and sentencing, there would have been no need to amend the statute to add the words "or convicted of." [2]

■ For the above reasons, we hold that Idaho Code § 18-920(1), as it existed at the time of the offense in this case, provided only for the issuance of a no contact order as a condition of pre-trial release. Because Jeppesen has successfully served his period of probation, it would serve no purpose to remand this case for the magistrate judge to determine whether a no contact order should be a condition of Jeppesen's probation. A sentence that is in excess of that authorized by law is valid to the extent that the court had the jurisdiction and authority to impose it, and is void as to the excess if the valid portion is severable from that portion which is void. *State v. Eikelberger*, 71 Idaho 282, 230 P.2d 696 (1951). We therefore simply vacate the no contact order.

## B. Did the Magistrate Judge Err in Considering Hearsay Statements at the Sentencing Hearing?

■ At the sentencing hearing, the magistrate judge considered, over objection, four letters. One was written by the victim Judy Jeppesen, and three were written by children of the Jeppesens. On appeal, Jeppesen contends that the magistrate judge erred in considering those hearsay statements.

■ The Idaho Rules of Evidence, except those relating to privileges, do not apply to sentencing hearings. *State v. Charboneau*, 116 Idaho 129, 774 P.2d 299 (1989); IDAHO R. EVID. 101(e)(3). The sentencing judge has broad discretion to determine what evidence will be admitted during a sentencing hearing. *State v. Johnson*, 101 Idaho 581, 618 P.2d 759 (1980). The sentencing judge is presumably able to ascertain the relevancy and reliability of the broad range of information and material presented to it during the sentencing process and to disregard the irrelevant and unreliable. *State v. Pierce*, 100 Idaho 57, 593 P.2d 392 (1979). Hearsay evidence in written form is admissible at a sentencing hearing as long as the defendant is given an opportunity to challenge the reliability of the hearsay and to

---

2. Idaho Code § 18-920(1) was amended after the offense charged in this case. The State has not argued that applying the amended statute to Jeppesen would be permissible under the *ex post* *facto* clauses of the Idaho and United States Constitutions. Therefore, we do not address that issue.

explain or rebut it. *State v. Johnson,* 101 Idaho 581, 618 P.2d 759 (1980).

In this case, the State provided copies of the letters to the defendant before the sentencing hearing. Although the authors of the letters were not present at the sentencing hearing, Jeppesen testified about the allegations in the letters. Thus, he had an opportunity to explain and rebut those allegations.

Jeppesen argues, "In *State v. Charboneau,* . . . the Idaho Supreme Court held that hearsay is appropriate at sentencing hearings only when it is presented in a presentence investigation report in the manner and in the form articulated by Idaho Criminal Rule 32." Because there was no presentence report in this case, Jeppesen argues that the four letters could not have been considered by the magistrate judge.

In *State v. Charboneau,* 116 Idaho 129, 774 P.2d 299 (1989) (one justice concurring in the opinion and two justices concurring in the result), this Court held that it was error to admit a letter in the sentencing hearing on a first degree murder case. That decision was based upon former Idaho Code § 19–2516, which applied only to sentencing hearings in first degree murder cases and was repealed in 1995. Ch. 140, § 2, 1995 Idaho Sess. Laws 594, 596. Therefore, the decision in *Charboneau* case does not preclude the admission of the letters in this case. For the reasons stated above, we hold that the magistrate judge did not err by admitting the letters in the sentencing hearing.

### C. Did the Magistrate Judge Impose an Excessive Sentence?

■ The magistrate judge sentenced the defendant to a fine of $300 plus court costs and one hundred eighty days in jail. The magistrate suspended the jail sentence and placed Jeppesen on probation for two years. Jeppesen argues that this sentence is unreasonable.

■ We review a criminal sentence under an abuse of discretion standard. *State v. Cannady,* 137 Idaho 67, 44 P.3d 1122 (2002). When a sentence is challenged as being excessively harsh, we independently review the record on appeal, having due regard for the nature of the offense, the char-

acter of the offender, and the protection of the public interest. *Id.* In order to show that the sentence imposed was unreasonable, the defendant must show that the sentence, in light of the governing criteria, is excessive under any reasonable view of the facts. *Id.*

At the sentencing hearing, Jeppesen's counsel argued that the appropriate sentence should be "a $300.00 fine, court costs, and no jail time and no probation as well." Jeppesen argues that the sentence was unreasonable because of the provision for two years probation. The magistrate judge placed Jeppesen on two years probation in order to encourage him not to commit any further acts of violence against his wife. Considering the facts of this case, Jeppesen has not shown that the sentence was unreasonable.

### IV. CONCLUSION

Because Idaho Code § 18–920(1), as it existed at the time of the offense in this case, only provided for the issuance of a no contact order as a condition of pre-trial release, we vacate the permanent no contact order entered by the magistrate judge. We affirm the balance of the sentence.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS and KIDWELL concur.