59 P.3d 322

STATE of Idaho, Plaintiff–Respondent,

v.

Dwayne BROADWAY, Defendant–
Appellant.

No. 27488.

Court of Appeals of Idaho.

Nov. 6, 2002.

D. Scott Summer, Meridian, for appellant.

Hon. Alan G. Lance, Attorney General;
Lori A. Fleming, Deputy Attorney General,
Boise, for respondent.

PERRY, Chief Judge.

Dwayne Broadway appeals from an order
of the district court instructing the Depart-
ment of Correction to conduct a prison disci-
plinary action against Broadway. We re-
verse the district court's order.

Broadway was found guilty by a jury of
aggravated assault, I.C. § 18–905, and sen-
tenced to a unified term of five years, with a
minimum period of confinement of three
years. Broadway filed an I.C.R. 35 motion
for reduction of sentence, which was denied.
Broadway appealed his judgment of convic-
tion and sentence and the denial of his Rule
35 motion. This Court affirmed in an unpub-
lished opinion. *See State v. Broadway,*
Docket No. 26290 (Ct.App. April 24, 2002).

Despite being represented by counsel in
his criminal proceedings and on appeal,
Broadway filed numerous pro se motions,
including motions for a new trial and bond
pending appeal, and submitted several hand-
written letters to the district court during
the pendency of his direct appeal.[1] On
March 23, 2001, the district court entered an
order pursuant to I.C. § 20–209E stating
that Broadway had filed frivolous motions
and other matters of his own accord, con-
trary to an instruction by the district court—
which does not appear in the record on ap-
peal—to "work through his attorney." The
district court ordered that a prison disciplin-
ary proceeding be conducted and that Broad-
way be subjected to disciplinary detention
and loss of privileges consistent with estab-
lished prison disciplinary procedures.
Broadway appeals from the district court's
order, contending that: (1) he did not file a
claim as contemplated by I.C. § 20–209E and
that the district court did not make such a
finding; (2) the district court did not have
the authority to order the initiation of a
prison disciplinary action under the statute;

---

1. Broadway's motions for a new trial and bond
pending appeal were denied by the district court.
Although Broadway initially raised the denial of
those motions as issues in his notice of appeal, in
his opening appellate brief he withdrew those
issues from our consideration.

and (3) I.C. § 20–209E is unconstitutional because it violates the separation of powers doctrine.[2]

■ This Court exercises free review over the application and construction of statutes. *State v. Schumacher,* 131 Idaho 484, 485, 959 P.2d 465, 466 (Ct.App.1998). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar,* 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight,* 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar,* 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode,* 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is "incumbent upon a court to give a statute an interpretation which will not render it a nullity." *State v. Nelson,* 119 Idaho 444, 447, 807 P.2d 1282, 1285 (Ct.App.1991).

Idaho Code Section 20–209E provides that in any action, whether filed in state, federal or administrative court, in which a prisoner submits a frivolous or malicious claim, or knowingly testifies falsely or otherwise knowingly presents false evidence or information to the court, the prisoner may be subject to prison disciplinary action. Under Section 20–209E(1)(a), such disciplinary action may be initiated upon a court's finding that the prisoner has filed a claim that is frivolous or malicious. Although not relevant to the case at bar, Section 20–209E(2) provides an alternative way of initiating disciplinary action against a prisoner in the absence of a finding by a court under subsection (1). Upon a finding of guilt under subsection (1) or (2), the prisoner shall be subject to prison disciplinary detention and loss of privileges consistent with established prison disciplinary procedures pursuant to Section 20–209E(3).

■ Broadway's first assertion is that he did not file a "claim" within the meaning of I.C. § 20–209E and, therefore, the district court erred by ordering disciplinary action.[3] The term "claim" is not defined in Section 20–209E. Where the legislature has not provided a definition, terms in a statute are given their commonly understood, everyday meanings. *State v. Richards,* 127 Idaho 31, 38, 896 P.2d 357, 364 (Ct.App.1995). Only those commonly understood meanings, which are consistent with the context given, are to be considered in determining the meaning of a term undefined by statute. *State v. Hammersley,* 134 Idaho 816, 821, 10 P.3d 1285, 1290 (2000). The commonly understood meaning of the term "claim" in the legal context is "a cause of action." BLACK'S LAW DICTIONARY 247 (6th ed.1990). Upon review of the record, we conclude that the motions and letters filed by Broadway in the present case were not independent causes of action but, rather, were documents filed in an ongoing criminal proceeding.

The state directs our attention to the legislative history of I.C. § 20–209E and argues that the legislative history supports its position that the term "claim" includes the motions and letters filed by Broadway. According to the legislative committee hearing minutes, the purpose of enacting I.C. § 20–209E was aimed at discouraging prisoners

---

2. Broadway has withdrawn the issue of whether the district court exceeded its statutory authority by ordering initiation of a prison disciplinary proceeding under I.C. § 20–209E. Under Section 20–209E(1), a proceeding may be initiated upon a court's finding of one of four different factors, but the statute does not indicate by whom the proceeding may be initiated once a court makes the requisite finding. We, therefore, express no opinion concerning the district court's authority in this case to order initiation of a prison disciplinary action by directing the department of correction to conduct such a proceeding.

3. Broadway does not challenge the district court's finding that his motions and letters were frivolous.

from filing frivolous civil lawsuits, particularly against the state. *See Frivolous or Malicious Law Suits Filed by Inmates; Consequence* s: *Hearings on S.B. 1394 Before the Senate Judiciary and Rules Comm.*, 53rd Leg., 2d Reg. Sess. (Idaho 1996) (held on Feb. 12, 1996, and March 7, 1996). Although I.C. § 20–209E applies to civil and criminal proceedings, we conclude that, contrary to the state's argument, the legislature intended the term "claim" to mean a cause of action and that the motions and letters filed by Broadway were not "claims" within the meaning of I.C. § 20–209E. Therefore, the district court erred by ordering a prison disciplinary action on that ground. Based upon our resolution of this issue, it becomes unnecessary for us to address Broadway's additional argument. The order of the district court ordering that a prison disciplinary action be conducted against Broadway is hereby reversed.

Judge LANSING and Judge GUTIERREZ, concur.