94 P.3d 709

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Benjamin M. DORN, Defendant–Respondent.**

No. 29531.

Court of Appeals of Idaho.

June 18, 2004.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for appellant. Rebekah A. Cudé argued.

John E. Redal, Coeur d'Alene, for respondent.

LANSING, Chief Judge.

The State of Idaho appeals from the district court's order dismissing a charge against Benjamin Dorn after Dorn completed probation for the offense. The State contends that the district court erred in determining that Dorn qualified for relief from his conviction under Idaho's expungement statute. We reverse.

## I.

## BACKGROUND

Dorn was charged with and pleaded guilty to sexual abuse of a child under the age of sixteen years, Idaho Code § 18–1506. The district court imposed a unified five-year sentence with a two-year determinate term, but suspended the sentence and placed Dorn on

probation for four years. After successfully completing probation, Dorn filed a motion to dismiss the case or amend his conviction pursuant to I.C. § 19–2604, which authorizes dismissal or reduction of some types of charges if a defendant has completed probation without violations. The State opposed the motion, arguing that because his conviction was for sexual abuse of a child, Dorn was ineligible for relief under section 19–2604. The district court granted Dorn's motion, ordering that the case against him be dismissed. The court's order also stated, however, that the dismissal "does not set aside the guilty plea or vacate the conviction." The district court expressed the view that the order "has the effect of restoring the defendant to his civil rights, but does not relieve the defendant of his obligation to register as a sex offender." The State now appeals.

## II.

## ANALYSIS

The statute under which Dorn sought relief is I.C. § 19–2604 which, in limited circumstances, allows a trial court to either dismiss a criminal case or reduce a felony conviction to a misdemeanor. That statute provides:

1. If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant.... The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.

2. If sentence has been imposed but suspended during the first one hundred and eighty (180) days of a sentence to the custody of the state board of correction, and the defendant placed upon probation ... upon application of the defendant, the prosecuting attorney, or upon the court's own motion, and upon satisfactory showing that the defendant has at all times complied with the terms and conditions of his probation, the court may amend the judgment of conviction ... and the amended judgment may be deemed to be a misdemeanor conviction.

3. Subsection 2 of this section shall not apply to any judgment of conviction for a violation of the provisions of sections 18–1506, 18–1507 or 18–1508, Idaho Code. A judgment of conviction for a violation of the provisions of any section listed in this subsection shall not be expunged from a person's criminal record.

The State contends that the district court's order was erroneous because Dorn's conviction was for violation of I.C. § 18–1506, relief from which is specifically barred by subsection (3) of section 19–2604. In response, Dorn argues that subsection (3) prohibits only the "expungement" of a defendant's record, not the dismissal of the case against him. Dorn contends that the district court's actions were in compliance with the statute because the court merely dismissed the case and did not expunge the conviction from Dorn's record.

The issue presented is one of statutory construction, a matter over which we exercise free review. *State v. Spor*, 134 Idaho 315, 320, 1 P.3d 816, 821 (Ct.App.2000). The language of a statute is to be given its plain, obvious, and rational meaning. *State v. Scott*, 135 Idaho 457, 459, 19 P.3d 771, 773 (Ct.App.2001). If a statute is ambiguous, then it must be construed to mean what the legislature intended it to mean. *Miller v. State*, 110 Idaho 298, 299, 715 P.2d 968, 969 (1986). To determine that intent, we may examine not only the literal words of the statute but also the reasonableness of proposed constructions, the policy underlying the statute, and its legislative history. *Lopez v. State, Indus. Special Indem. Fund*, 136 Idaho 174, 179, 30 P.3d 952, 957 (2001); *Adamson v. Blanchard*, 133 Idaho 602, 605, 990 P.2d 1213, 1216 (1999); *Leliefeld v. John-*

*son,* 104 Idaho 357, 367, 659 P.2d 111, 121 (1983).

We conclude that the district court's order granting relief to Dorn is invalid because the dismissal of a case for sexual abuse of a child pursuant to subsection (1) of the statute is expressly forbidden by subsection (3), which specifies that a conviction for that offense "shall not be expunged from a person's criminal record." Dorn argues that the subsection (3) prohibition against expungement refers to something other than dismissal under subsection (1). Expungement, he asserts, amounts to an erasure of a criminal record, not a dismissal of a charge. Dorn's argument is unpersuasive, for Idaho law authorizes no type of expungement of a criminal record for adult offenders other than that authorized in § 19–2604.[1] The term "expunged" in subsection (3) therefore must refer to the dismissal of an action under subsection (1). That the legislature meant "expunged" to refer to the dismissal of the case under subsection (1) is confirmed by the preamble to the 1989 bill that added subsection (3) to the statute. The bill's statement of purpose included the following:

> This legislation would amend § 19–2604, Idaho Code, so that there would be no allowable amendment of judgment afforded to offenders of certain crimes against children: 18–1506, felony sexual abuse of a child under sixteen years; 18–1507, sexual exploitation of a child; or 18–1508, lewd conduct with a minor child under sixteen. *Currently, under the appropriate circumstances, a record of conviction may be either reduced to a misdemeanor or expunged.* This legislation would mean that once an offender is convicted of one of the aforementioned crimes, he or she would always be a felon.

H.B. 262 (1989). The comment that the then-existing law allowed that a conviction be "expunged" expresses the legislative understanding that relief under subsection (1) con-

stituted an expungement. Even absent this clear expression of the legislative intent, it would be illogical to conclude that a legislature that prohibited the reduction of convictions for sex offenses against children from felonies to misdemeanors under subsection (2) would nevertheless authorize complete dismissal of such charges under subsection (1).

Second, even if it were not expressly prohibited by I.C. § 19–2604(3), we think that the order at issue here would be invalid for another reason. The order purports to dismiss the charge against Dorn without vacating the conviction entered against him. Such an outcome cannot be legally accomplished. If a charge has been dismissed, there cannot at the same time remain a conviction for that charge; upon dismissal there no longer exists a case in which a judgment of conviction can stand. Thus, in *Manners v. State Bd. of Veterinary Med.,* 107 Idaho 950, 952, 694 P.2d 1298, 1300 (1985), the Idaho Supreme Court noted that where the district court had allowed a convicted defendant to withdraw his guilty plea and enter a plea of not guilty, and had entered an order dismissing the charge pursuant to § 19–2604(1), the conviction was "erased."[2] The district court here erred in its assertion that an order could dismiss the case without vacating Dorn's conviction.

In summary, the relief sought by Dorn and granted by the district court is prohibited by statute and is not procedurally possible. Accordingly, the order of the district court is reversed.

Judge Pro Tem WOOD concurs.

Judge GUTIERREZ, dissenting.

I respectfully dissent from the majority opinion because I read I.C. § 19–2604 to plainly and unambiguously provide three dis-

---

1. Expungement of the record of a juvenile adjudication is authorized by I.C. § 20–525A.

2. This does not mean that in every case a defendant whose charge has been dismissed under I.C. § 19–2604(1) will thereby avoid all possible consequences of the prior adjudication of guilt. The

legislature may through other statutes limit "the record-cleansing effect" of a § 19–2604(1) dismissal in specified circumstances. *See State v. Perkins,* 135 Idaho 17, 21, 13 P.3d 344, 348 (Ct.App.2000); *State v. Deitz,* 120 Idaho 755, 756, 819 P.2d 1155, 1156 (Ct.App.1991).

crete forms of relief, one of which fell within the district court's discretion to grant.[1]

As an initial matter, I disagree with the majority's description of I.C. § 19–2604 as "Idaho's expungement statute." Although this language appears elsewhere in Idaho caselaw, *see, e.g., State v. Schumacher,* 131 Idaho 484, 486, 959 P.2d 465, 467 (Ct.App. 1998), the statute is better described, consistent with its title, as "Idaho's discharge of defendant, amendment of judgment statute." *Compare with* I.C. § 20–525A (whose title and effect make it the better choice for description as an "expungement statute").

When this Court engages in statutory interpretation, our purpose is to effectuate the intent of the legislature. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999). To that end, we begin with examination of the statute's literal words. *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). The language of a statute is to be given its plain, obvious, and rational meaning. *State v. Broadway,* 138 Idaho 151, 152, 59 P.3d 322, 323 (Ct.App.2002). If that language is clear and unambiguous, we must simply give effect to the statute as written, without engaging in statutory construction. *Id.*

Idaho Code Section 19–2604 plainly and unambiguously provides three alternative remedies a court might choose from, should it decide to grant a petitioner relief from the onus of judgment and conviction. Subsection (1) provides for the dismissal of the case and discharge of the defendant ("dismissal") by terminating the sentence, or by setting aside the guilty plea, or conviction. Subsection (1), under which Dorn was restored to his civil rights in the instant matter, is only applicable where a sentence has been imposed and suspended, or where such sentence was withheld. The practical effect of subsection (1) does not remove the charge or the conviction from the petitioner's record. Subsection (2), applicable where sentence has been imposed but suspended during the first one hundred and eighty days, provides for the amendment of a judgment of conviction from a felony to a misdemeanor ("amendment"). Subsection (3) provides that subsection (2) does not ap-ply where the underlying conviction was for violation of certain statutes, including the one under which Dorn was originally convicted. Subsection (3) also exempts would-be petitioners who were convicted of certain offenses, including the one under which Dorn was originally convicted, from the expungement of their criminal record. A literal reading of the plain language of I.C. § 19–2604 therefore prohibits Dorn from applying to amend his judgment of conviction from a felony to a misdemeanor, or to petition for the expungement of his felony record. However, under I.C. § 19–2604(1) Dorn may petition the court to dismiss his case by either setting aside his guilty plea or conviction or by terminating his sentence, thereby restoring him to his civil rights. In concluding otherwise, the majority confuses the legislatively-enacted distinction between relief granted by dismissal and relief granted by expungement of a matter.

The existence of this distinction is confirmed by *Black's Law Dictionary,* the Sixth Edition of which defines "dismiss" as:

> To send away; to discharge; to discontinue; to dispose of; to cause to be removed temporarily or permanently; to relieve from duty. To dismiss an action or suit without any further consideration or hearing. *See also* Discharge.

*Black's* defines "discharge" as:

> To release; liberate; annul; unburden; disincumber; dismiss. To extinguish an obligation (e.g. a person's liability on an instrument); terminate employment of person; release, as from prison, confinement or military service.

Although "discharge" is a generic term, applicable to many areas of law, *Black's* describes its specific meaning with relation to criminal law as:

> The act by which a person in confinement, held on an accusation of some crime or misdemeanor, is set at liberty.

On the other hand, *Black's* defines "expunge" as:

---

1. An ancillary goal of my dissent in this matter is the encouragement of a more consistent and precise use of the terms "dismissal" and "expungement."

To destroy; blot out; obliterate; erase; efface designedly; strike out wholly. The act of physically destroying information— including criminal records—in files, computers, or other depositories.

Like "discharge," "expungement" is something of a generic term. An "expungement of record" is defined by *Black's* as:

Process by which record of criminal conviction is destroyed or sealed after expiration of time. Some states also provide for expungement of criminal records if arrested person is not convicted (*e.g.* N.J.S.A. 2C:52–6) or in the event of unlawful arrest. *See also* Erasure (*Erasure of record* ).

An "erasure of record" is described by *Black's* as:

Procedure by which a person's criminal record may be sealed or destroyed if certain conditions are met. This is commonly provided for by statute for juvenile records ... Within statute providing that all police and court records shall be erased upon acquittal of the accused, word "erased" means at the very least nondisclosure.... *See also* Expungement of record.

Based on these definitions, it is understood that a dismissal is an act that discontinues, disposes of, or disincumbers. It releases, unburdens, annuls, and liberates. It deprives a judgment of force, but it does not erase the existence of that judgment. In contrast, an expungement *is* an erasure, an obliteration, a destruction in whole. In fact, according to *Black's*, an expungement is an appropriate remedy for the unconvicted or the wrongly, unlawfully arrested. An expungement removes all trace of any action, but a dismissal merely unburdens one from the consequences of the action while preserving its record. In the instant matter, the district court did not attempt to completely relieve Dorn of all such consequences; though restored to his civil rights, neither Dorn's record of conviction nor his obligation to register as a sex offender were removed.

The distinction between a dismissal and an expungement is plainly ascertainable in the language of I.C. § 19–2604. Moreover, this distinction is borne out by the standards and practices of attorneys and judges in our trial courts. For instance, the facts underlying *State v. Perkins*, 135 Idaho 17, 13 P.3d 344 (Ct.App.2000) illustrate the distinction existing in practice between dismissal and expungement. In *Perkins*, the defendant pled guilty to a sex offense. The trial court entered an order withholding judgment and placed Perkins on probation. Two years later, the parties stipulated to a dismissal of the case pursuant to the satisfaction of a condition subsequent, namely, Perkins' successful completion of a four-year tour of duty in the United States Army. Four years later, Perkins' commanding officer informed him that upon return to the United States, if Perkins were required to register as a sex offender, he would be discharged from military service. Perkins thereafter filed a motion for an order exempting him from the registration requirement and expunging his record as a sex offender registrant. In other words, although Perkins' conviction had been set aside and his case dismissed, it had not been expunged. Perkins had been restored to his civil rights, but his criminal record had not been erased. This result is what the legislature envisioned by its promulgation of I.C. § 19–2604. Specifically, it is clear that the legislative intent behind I.C. § 19–2604 was the preservation of criminal records for certain sex offenses while still allowing courts to exercise a degree of leniency when appropriate. The public policy behind such intent is clearly the protection of the public by the permanent preservation in the record of the history of felony convictions for certain heinous crimes, thereby providing notice of such to the public, law enforcement, and the court system in the future.

Finally, I.C. § 20–525A, most recently amended in January of 2004, provides that a juvenile may under certain circumstances petition for the expungement of his record. According to I.C. § 20–525A, "expungement" results when all records related to the case are sealed, and all references to the adjudication are removed from all indices and public records. Section 20–525A further provides that upon entry of an order granting expungement, the proceedings in the underlying action are deemed "never to have occurred." Because it is axiomatic that statutes relating to the same subject

are construed as complementary and cohesive, *State v. Jeppesen*, 138 Idaho 71, 75, 57 P.3d 782, 786 (2002), interpretation of I.C. § 19–2604 must recognize I.C. § 20–525A's unambiguous definition of expungement as a legal state in which the underlying action is deemed to never have occurred.

In *Jensen v. State*, 139 Idaho 57, 63, 72 P.3d 897, 903 (2003), the Idaho Supreme Court offered interpretation of I.C. § 20–525A in considering whether an alleged violation of that statute had occurred. In denying that claim, the Court held that it was "not clear whether I.C. § 20–525A even applies, since it does not appear from the order entered by the judge in the juvenile case that the record was actually expunged. Indeed, it appears they simply sealed the file." Implicit in this holding is that once a court has expunged a court file, any conviction contained in such file is deemed never to have

occurred. In short, expungement is something greater than dismissal of the case. I believe the Idaho Supreme Court's analysis of this issue must guide interpretation of I.C. § 19–2604 in the instant matter.

Pursuant to subsection (1) of I.C. § 19–2604, the district court had discretion to grant dismissal of Dorn's case and restore him to his civil rights. The decision to grant Dorn's motion could in no way result in the expungement of Dorn's record of conviction. Accordingly, I would affirm the district court's order of dismissal.[2]

---

**2.** I offer no opinion on the district court's discretionary decision to grant Dorn any relief.