# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><i>Plaintiff-Appellee,</i><br><br>v.<br><br>CLINTON DEWITT BAYS, JR.,<br><i>Defendant-Appellant.</i></td><td>No. 09-30124<br><br>D.C. No.<br>1:08-CR-00050-<br>BLW-1<br><br>OPINION</td></tr>
</table>

Appeal from the United States District Court
for the District of Idaho
William F. Downes, Chief District Judge
for the District of Wyoming, Presiding

Submitted December 10, 2009*
Seattle, Washington

Filed December 17, 2009

Before: Ronald M. Gould and Richard C. Tallman,
Circuit Judges, and Roger T. Benitez,** District Judge.

Opinion by Judge Tallman

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

16587

**COUNSEL**

Dennis Benjamin, Nevin, Benjamin, McKay & Bartlett LLP, Boise, Idaho, for the defendant-appellant.

Thomas E. Moss, United States Attorney, and Christian S. Nafzger, Assistant United States Attorney, Boise, Idaho, for the plaintiff-appellee.

## OPINION

TALLMAN, Circuit Judge:

Defendant-Appellant Clinton DeWitt Bays, Jr. pleaded guilty to a charge of being a drug user in possession of a firearm and a charge of possession with intent to distribute methamphetamine. The district court calculated a criminal history category of II for Bays and sentenced him to a 78-month term of imprisonment on each count, to run concurrently. Bays timely appeals this sentence arguing that the district court incorrectly calculated his criminal history category. He argues that a pardon he received in 2007 from the State of Idaho Commission of Pardons and Parole completely expunged an earlier state conviction. Under section 4A1.2(j) of the United States Sentencing Guidelines, expunged convictions should not be calculated when determining a defendant's criminal history category. U.S. Sentencing Guidelines Manual § 4A1.2 (2008). We find that the pardon does not constitute an expungement and the district court correctly considered the prior state convictions when calculating Bays's criminal history category. We affirm the sentence imposed by the district court.

## I

On March 12, 2008, Clinton DeWitt Bays, Jr. was charged with various narcotics and firearms offenses in a nineteen-count indictment. Pursuant to a Second Amended Rule 11 Plea Agreement, Bays pleaded guilty to one count of being a drug user in possession of a firearm and one count of possession with intent to distribute methamphetamine. In return for the guilty plea, the prosecution dismissed the remaining counts of the indictment.

At the sentencing hearing for the federal firearm and drug convictions, Bays argued that certain prior state convictions should not be included when calculating his criminal history

category because they were expunged by a pardon. In 1992, an Idaho state court convicted Bays on two counts of vehicular manslaughter and one count of aggravated driving while under the influence. Bays received a seven-year sentence for the vehicular manslaughter convictions and a five-year sentence for the aggravated driving under the influence charge, with the sentences to run concurrently. On January 11, 2007, the State of Idaho Commission of Pardons and Parole ("Commission") pardoned Bays. The pardon restored "all civil, political, and other rights enjoyed prior to the commission of the crime."

Section 4A1.2(j) of the United States Sentencing Guidelines ("Sentencing Guidelines") states that sentences for expunged convictions are not included when determining a defendant's criminal history category. U.S. Sentencing Guidelines Manual § 4A1.2(j) (2008). Application Note 10 to section 4A1.2 states, however, that previous convictions which are "set aside or . . . pardoned for reasons unrelated to innocence or errors of law" are to be counted. *Id.* § 4A1.2 cmt. n.10.

The district court rejected Bays's arguments regarding the effect of the pardon on the prior convictions, finding that the pardon was granted to restore Bays's civil liberties pursuant to Article IV, Section 7 of the Idaho Constitution. As such, the pardon fell under Application Note 10 and the prior convictions could be counted to declare Bays's criminal history category of II and to sentence him to two concurrent terms of 78-months imprisonment. The district court entered judgment on March 13, 2009. Bays filed his timely notice of appeal on March 20, 2009.

## II

The question whether a prior conviction is counted under the Sentencing Guidelines is reviewed de novo. *United States v. Felix*, 561 F.3d 1036, 1040 (9th Cir.2009), *cert. denied*, 130

S. Ct. 256 (2009); *see also United States v. Newman*, 912 F.2d 1119, 1123 (9th Cir. 1990) (distinguishing between the factual determinations concerning a prior conviction, which are reviewed for clear error, and the legal determination that the conviction is within the scope of the Sentencing Guidelines, which is reviewed de novo). Because Bays challenges whether the district court correctly included his prior convictions under the Sentencing Guidelines, not whether the prior convictions actually occurred, we review the issue de novo.

**[1]** Although section 4A1.2(j) of the Sentencing Guidelines clearly states that an expunged conviction cannot be counted when calculating a defendant's criminal history category, the Sentencing Guidelines do not expressly define "expunged conviction." We have taken guidance from Application Note 10 to section 4A1.2, which draws a distinction between pardoned convictions and expunged convictions. *See United States v. Hayden*, 255 F.3d 768, 770 (9th Cir. 2001), *cert. denied*, 534 U.S. 969 (2001). The commentary in Application Note 10 is "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* at 771 (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

**[2]** Application Note 10 states that prior convictions that are set aside or pardoned "for reasons unrelated to innocence or errors of law, *e.g.*, in order to restore civil rights or to remove the stigma associated with a criminal conviction," are to be counted in the criminal history category calculation. U.S. Sentencing Guidelines Manual § 4A1.2 cmt. n.10. We have interpreted this language to mean that expungement requires a complete removal of the conviction from the defendant's record and that a limited remedy given for reasons unrelated to innocence or errors of law may not equal an "expunged conviction" for purposes of section 4A1.2(j). *Hayden*, 255 F.3d at 771 (examining California law to determine "whether the relief afforded . . . is 'expungement,' or whether it is a more limited remedy, afforded 'for reasons unrelated to

innocence or errors of law' "). We must examine the Idaho Commission's authority to grant pardons in order to define the scope and purpose of the pardon given to Bays. *See id.*

The Commission derives its authority to grant pardons from Article IV, Section 7 of the Constitution of the State of Idaho. This provision states that the Commission has the power "only as provided by statute, to grant commutations and pardons after conviction and judgment, either absolutely or upon such conditions as they may impose." Idaho Const. art. IV, § 7. The Idaho legislature implemented the constitutional grant of authority by enacting Idaho Code section 20-240. The statutory provision limits the types of sentences for which the Commission can grant pardons and gives the Commission rulemaking power over creating procedures for granting pardons. Idaho Code Ann. § 20-240.

**[3]** Although there are no Idaho cases discussing the scope of pardons granted pursuant to this state constitutional and statutory authority, the Supreme Court of Idaho has succinctly defined "pardon" as used in Article IV, Section 7. In *Standlee v. Idaho*, 538 P.2d 778, 781 (Idaho 1975), the state supreme court pronounced that a pardon "does away with both the punishment and the effects of a finding of guilt." Bays relies on this language to argue that his state convictions have been expunged. He argues that because the pardon eliminated the punishment and effects of his convictions, the convictions have been fully expunged.

**[4]** We do not read the Supreme Court of Idaho's definition so generously. In *Hayden*, we recognized that "expunge" is synonymous with "erase" or "destroy" and that an "expungement of record" requires that the conviction be removed from the defendant's criminal record. 255 F.3d at 771 (citing Black's Law Dictionary 603 (7th ed. 1999)). The state supreme court's explanation of an Article IV, Section 7 pardon does not state that the underlying convictions are erased or removed from the defendant's record. Rather, its explana-

tion implies that the underlying conviction remains; it is simply the punishment and effects of the pardoned conviction that are negated. We do not believe that the removal of the punishment or effects of a conviction is extensive enough to qualify as an expunged conviction for the purposes of section 4A1.2(j).

[5] In fact, the Idaho legislature has implemented statutory procedures which enable a defendant to request that a prior conviction be expunged.[1] Idaho Code Ann. §§ 19-2604, 20-525A. Idaho courts have discussed the relief afforded by these statutory provisions. *See Idaho v. Parkinson*, 172 P.3d 1100, 1102-03 (Idaho 2007); *Idaho v. Dorn*, 94 P.3d 709, 711 (Idaho Ct. App. 2004). Sections 19-2604 and 20-525A require that a defendant petition a state court for dismissal or expungement of the underlying conviction. Idaho Code Ann. §§ 19-2604, 20-525A. If the state court grants the requested relief, the conviction is vacated and becomes a nullity. *Parkinson*, 172 P.3d at 1102-03. It is treated as though the judgment was never rendered and "there are no limits or conditions on the rights defendant regains." *Id.* at 1103. This relief is more extensive than the mere removal of the punishment and effects of a finding of guilt. Thus, a pardon granted pursuant to Article IV, Section 7 does not constitute an expungement.

[6] Additionally, Application Note 10 appears to specify that a conviction is expunged only when relief is given because of innocence or errors of law. Such relief would eliminate any reference to the conviction on the defendant's record, not just negate the effects of the conviction. The pardon granted to Bays does not state that he is innocent or that there were errors in the criminal proceedings. It merely restores to Bays "all civil, political, and other rights enjoyed

---

[1]The Court of Appeals of Idaho stated that the two statutes are the only methods a defendant can use to have a conviction expunged. *Idaho v. Dorn*, 94 P.3d 709, 711 (Idaho Ct. App. 2004).

prior to the commission of the crime." The fact that the pardon restores civil liberties, but does not state that it is based on innocence or errors of law, supports the conclusion that it is exactly the type of pardon encompassed in Application Note 10. Such a pardon should not preclude the prior convictions from being included when calculating a defendant's criminal history category.

**[7]** Furthermore, the constitutional provision gives the Commission authority to grant pardons "upon such conditions as they may impose," Idaho Const. art. IV, § 7, and the statutory provision states the Commission may "attach such conditions as it deems appropriate" to a pardon. Idaho Code Ann. § 20-240. The ability to attach conditions to a pardon inherently includes the ability to revoke the pardon if the conditions are violated. If the relief can be revoked, it does not result in all reference to the conviction being erased, making the relief more limited than expungement. Relief granted because a defendant is innocent or because there were errors in the criminal proceeding could not be qualified by the issuing authority—the finding of innocence or errors of law would prevent anyone from taking any further action based on the conviction. Following the logic of *Hayden*, relief that is more limited in scope than expungement falls within the purview of Application Note 10 and should be counted when calculating a defendant's criminal history category. *See Hayden*, 255 F.3d at 771-72.

Bays also argues that his pardon is analogous to the relief given in *United States v. Hidalgo*, 932 F.2d 805 (9th Cir. 1991). In *Hidalgo*, we found that the conviction was expunged because the guilty verdict was vacated and the underlying information was dismissed. *Id.* at 807. Additionally, the California statute authorizing the relief released the defendant "from all penalties and disabilities resulting from the offense or crime for which he or she was committed." *Id.* (quoting Cal. Welf. & Inst. Code § 1772(a)). Finally, Califor-

nia courts had consistently referred to the relief as "expung-ing" the prior conviction. *Id.*

This case is distinguishable for several reasons. First, as discussed above, the Idaho constitutional and statutory author-ity underlying the relief does not erase all reference to the prior convictions. Instead, the relief can be qualified by the Commission. While the pardon reinstated Bays's civil liber-ties, it did not explicitly remove the prior convictions from his record. Similarly, although the statute does not define the extent of Bays's relief, the language of the pardon does. The Commission states that Bays is pardoned and restores his civil and political rights; it does not state that the convictions are vacated. This limited remedy is not similar to the extensive release given in *Hidalgo*. Finally, the constitutional and statu-tory provisions consistently refer to the relief as a "pardon." Idaho case law recognizes that there are statutory procedures for requesting that a prior conviction be "expunged." *See Par-kinson*, 172 P.3d at 1102-03; *Dorn*, 94 P.3d at 711. However, relief given pursuant to Article IV, Section 7 is still referred to as a "pardon." These distinctions from the California stat-ute at issue in *Hidalgo* support our conclusion that Bays's prior Idaho convictions were pardoned, not expunged.

[8] A pardon given by the Commission under the authority granted by Article IV, Section 7 of the Constitution of the State of Idaho and section 20-240 of the Idaho Code is a lim-ited remedy provided for the purpose of restoring civil rights and liberties to a defendant. Application Note 10 to section 4A1.2 of the Sentencing Guidelines expressly directs federal courts to count the convictions underlying these pardons in criminal history category calculations. Thus, the district court did not err when it counted Bays's prior Idaho convictions in the calculation of his criminal history category.

## III

The pardon issued by the Commission did not afford a rem-edy extensive enough to constitute an expungement under

Sentencing Guidelines section 4A1.2(j). We hold that the district court did not err in considering Bays's prior Idaho convictions when calculating his criminal history category.

**AFFIRMED.**