**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alfonso HAYDEN, Defendant–
Appellant.**

**No. 00–16042.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2001

Filed June 25, 2001

Kenneth D. Noel, of San Francisco, California, for the defendant-appellant.

John W. Kennedy, Assistant U.S. Attorney (argued), Robert S. Mueller, III, U.S. Attorney for the Northern District of California, J. Douglas Wilson, Chief, Appellate Section, of San Francisco, California, for the plaintiff-appellee.

Before: O'SCANNLAIN and W. FLETCHER, Circuit Judges, and KELLEHER, District Judge.*

* The Honorable Robert J. Kelleher, Senior United States District Judge for the Central

O'SCANNLAIN, Circuit Judge:

We must decide whether a conviction "set aside" pursuant to the California probation statute is an "expunged" conviction under the United States Sentencing Guidelines.

I

In a superseding indictment filed in the Northern District of California on August 27, 1991, the government charged Alfonso Hayden and his 16 co-defendants with 92 counts of cocaine and heroin trafficking, possession and use of firearms, passing counterfeit currency, and money laundering. On August 28, 1993, Hayden pleaded guilty to conspiracy to distribute cocaine and heroin, in violation of 21 U.S.C. § 846. Hayden's guilty plea was pursuant to a plea bargain, in which Hayden and the government stipulated to all of the pertinent Sentencing Guidelines factors, including a base offense level of 32 and a criminal history category of III. The parties agreed that the applicable sentencing range was 151 to 188 months, and jointly recommended a 15–year (180–month) sentence to the district court. The parties also agreed to waive their rights to appeal any sentence within that 151 to 188 month range. On September 30, 1993, the district court accepted Hayden's guilty plea, and sentenced him to a term of 15 years of imprisonment, to be followed by five years of supervised release.

On February 8, 1995, Hayden filed his first § 2255 habeas petition to set aside his judgment and sentence, and he filed an amended version of this petition on September 21, 1994. On January 31, 1996, the district court denied this petition, which argued that two of Hayden's prior convic-

District of California, sitting by designation.

tions were invalid because he had not been represented by counsel.[1] On September 17, 1996, Hayden filed an untimely notice of appeal from the district court order, and we dismissed that appeal for lack of jurisdiction on October 23, 1996.

On December 30, 1998, Hayden petitioned the Alameda County, California, Municipal Court (the "Municipal Court") to set aside his September 28, 1987 conviction for carrying a concealed weapon, pursuant to California Penal Code section 1203.4. The Municipal Court granted the petition on June 9, 1999. On December 31, 1998, Hayden filed a similar petition to dismiss his August 23, 1990 conviction for assault with a deadly weapon, and the Municipal Court granted this petition on July 30, 1999.[2]

On March 30, 2000 Hayden filed this second § 2255 petition, in which he argues for a recalculated sentence in light of the state orders setting aside these two prior convictions. The district court concluded that the state convictions were not "expunged" within the meaning of the Sentencing Guidelines, and held that Hayden did not establish his right to a recalculated sentence. Hayden filed a timely notice of appeal and motion for a certificate of appealability on April 26, 2000. The district court, noting that we have never discussed the use in sentencing of a conviction set aside pursuant to section 1203.4, issued

Hayden a certificate of appealability on May 2, 2000.[3]

## II

Hayden argues that the state court orders setting aside his 1987 and 1990 convictions entitle him to review of his 1993 federal sentence, with a new sentence to be calculated based on an adjusted criminal history score which does not reflect these two convictions. "[A] defendant who successfully attacks a state conviction may seek review of any federal sentence that was enhanced because of the prior state conviction." *United States v. LaValle*, 175 F.3d 1106, 1108 (9th Cir.1999).

Sentencing Guidelines Manual § 4A1.2 governs the calculation of a defendant's criminal history, and states that, "Sentences for expunged convictions are not counted, but may be considered under § 4A1.3 (Adequacy of Criminal History Category)." U.S. Sentencing Guidelines Manual § 4A1.2(j). The commentary to § 4A1.2 explains what is, and what is not, an "expunged conviction:"

A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.*, in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted.

---

1. The prior convictions at issue on this appeal are not the same prior convictions which were the subject of the first § 2255 petition.

2. In the record on appeal, the only documents establishing Hayden's 1990 assault conviction are his petition requesting, and the order granting, relief pursuant to section 1203.4. This conviction was not listed in Hayden's 1993 Presentence Report, and the Probation Office did not reference it when calculating his criminal history points and criminal history category.

3. Hayden did not obtain permission from this court before filing his second § 2255 petition, thereby depriving the district court of jurisdiction to review the petition. *See* 28 U.S.C. §§ 2244(b), 2255. Nevertheless, we construe Hayden's notice of appeal to this court as a retroactive request for permission to file a second § 2255 petition, which we grant on the ground that the Municipal Court did not enter the section 1203.4 orders until after the disposition of his first § 2255 petition.

However, expunged convictions are not counted. .

U.S. Sentencing Guidelines Manual § 4A1.2(j), cmt. n. 10. "The commentary in the Sentencing Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). Applying the commentary's definition of "expunged convictions," we must decide whether the relief afforded by California Penal Code section 1203.4 is "expungement," or whether it is a more limited remedy, afforded "for reasons unrelated to innocence or errors of law."

To "expunge" is "to erase or [to] destroy," and an "expungement of record" is "[t]he removal of a conviction (esp. for a first offense) from a person's criminal record." Black's Law Dictionary 603 (7th ed.1999). The text of California Penal Code section 1203.4 describes a more limited form of relief:

> In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation ... the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of

which he or she has been convicted.... *However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.*

Cal.Penal Code § 1203.4(a) (West 2001) (emphasis added).

The plain language of section 1203.4(a) indicates that the California courts may use convictions set aside pursuant to this statute when sentencing the petitioner if he is later convicted of another crime. The California courts have recognized that the statute "simply and justly provides that persons who have refused to profit by the grace extended to them upon the first offense shall, upon conviction of a subsequent felony, suffer the penalty of the law as prescribed for the punishment of all other offenders." *People v. Hainline*, 219 Cal. 532, 28 P.2d 16, 17–18 (1993). Just last year, the California Court of Appeal held that a defendant whose conviction was set aside pursuant to section 1203.4 remained subject to prosecution for possession of a firearm by an ex-felon. *See People v. Frawley*, 82 Cal.App.4th 784, 98 Cal.Rptr.2d 555 (2000). In reaching this conclusion, the Court of Appeal stated that,

> [W]hile a number of courts have used forms of the word "expunge" to describe the relief made available by section 1203.4, the statute does not in fact produce such a dramatic result.....
>
> Section 1203.4 does not, properly speaking, "expunge" the prior conviction. The statute does not purport to render the conviction a legal nullity. Instead it provides that, except as elsewhere stated, the defendant is "released from all penalties and disabilities resulting from the offense." The limitations on this relief are numerous and substantial....

Indeed, section 1203.4 contains a sweeping limitation on the relief it offers, stating that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." *This provision alone precludes any notion that the term "expungement" accurately describes the relief allowed by the statute.*

*Id.* at 559–60 (citations omitted; emphasis added). *See also People v. Diaz,* 41 Cal. App.4th 1424, 49 Cal.Rptr.2d 252 (1996) (applying the statute's plain language to hold that a conviction set aside pursuant to section 1203.4 could be counted as a "strike" under California's "three strikes" law).

■ The California courts also have held that convictions set aside pursuant to section 1203.4 may be used in a variety of civil and evidentiary contexts, and the California legislature has authorized these uses via statute. For example, such convictions may be used to suspend a medical license, disbar an attorney, revoke a liquor license, and impeach a witness. *See Krain v. Med. Bd. of Cal.,* 71 Cal.App.4th 1416, 84 Cal.Rptr.2d 586, 589 (1999) (citing *Meyer v. Bd. of Med. Examiners,* 34 Cal.2d 62, 206 P.2d 1085, 1086–88 (1949)) (medical license); *In re Phillips,* 17 Cal.2d 55, 109 P.2d 344, 347–48 (1941) (disbarment); *Copeland v. Dept. of Alcoholic Beverage Control,* 241 Cal.App.2d 186, 50 Cal.Rptr. 452, 453 (1966) (liquor license); *People v. O'Brand,* 92 Cal.App.2d 752, 207 P.2d 1083, 1085–86 (1949) (impeachment). *See also Frawley,* 98 Cal.Rptr.2d at 559–60 (citing Cal. Bus. & Prof.Code § 490 (pro-

fessional licenses); Cal. Bus. & Prof.Code § 6102(c) (disbarment); Cal. Bus.Code § 2236.1(d) (medical license)). In *Meyer,* the Supreme Court of California recited a list of circumstances in which a dismissed conviction may be used, and concluded that,

> As the release of the "penalties and disabilities" clause of [section 1203.4] has been so qualified in its application, it does not appear that it was thereby intended to obliterate the record of conviction against a defendant and purge him of the guilt inherent therein or to wipe out absolutely and for all purposes the dismissed proceeding as a relevant consideration and to place the defendant in the position which he would have occupied in all respects as a citizen if no accusation or information had ever been presented against him.

206 P.2d at 1088 (internal quotation marks and citations omitted). These decisions demonstrate that the California courts have consistently viewed section 1203.4 as a statute which provides a limited form of relief. A section 1203.4 order does not "erase" or "expunge" a prior conviction, and a conviction set aside pursuant to this statute falls under § 4A1.2's general rules governing federal courts' use of prior convictions, and not under § 4A1.2(j)'s exception for "expunged" convictions.

Hayden argues that we have held that statutes similar to section 1203.4 expunge prior convictions, and that we should follow those decisions and hold that his prior convictions were "expunged." In *United States v. Hidalgo,* we held that a conviction set aside pursuant to California Welfare and Institutions Code section 1772,[4]

---

4. The juvenile probation statute provides, in part, that,

[E]very person honorably discharged from control by the Youthful Offender Parole

Board who has not, during the period of control by the authority, been placed by the authority in a state prison shall thereafter be released from all penalties and disabili-

the state's juvenile probation statute, is "expunged" under § 4A1.2(j). 932 F.2d 805, 807 (9th Cir.1991). *Hidalgo* does not control the resolution of this appeal for two reasons. First, section 1772 differs from section 1203.4 in a crucial respect: it does not contain section 1203.4's explicit exception for the use of the dismissed conviction in later prosecutions. Instead, an order pursuant to section 1772 releases the juvenile offender "from all penalties and disabilities resulting from the offense or crime for which he or she was committed." Second, the Supreme Court of California's decision in *People v. Pride*, 3 Cal.4th 195, 10 Cal.Rptr.2d 636, 833 P.2d 643 (1992) (in bank), may undermine the continuing validity of our decision in *Hidalgo*. In *Pride*, the court held that a conviction set aside pursuant to section 1772 was properly introduced in the penalty phase of the appellant's capital trial, because "convictions otherwise forgiven or expunged under [section 1772] may be used to enhance a sentence imposed for a subsequent criminal offense.... The penalty jury was entitled to know that defendant committed the capital crime undeterred by a prior successful felony prosecution. Such propensity for criminal conduct is relevant even where [section 1772] applies to the prior offense." *Id.* at 680–81 (citations omitted).

In *United States v. Kammerdiener*, we cited *Hidalgo*, and concluded that a conviction set aside pursuant to the Federal Youth Corrections Act ("FYCA")[5] may not be considered when calculating a defendant's criminal history score. 945 F.2d 300, 301 (9th Cir.1991). Unlike section 1203.4, the FYCA does not provide for the use of dismissed convictions in subsequent prosecutions. Opinions discussing the FYCA shed little light on the question before us.

Hayden also cites three of our opinions in which we referred to the relief section 1203.4 provides as "expungement" for proof of his entitlement to a recalculated sentence. At most, our use of the word "expungement" in these cases reflects imprecise word choice; we did not discuss the use of convictions in sentencing, and we never have concluded that section 1203.4 "expunges" a conviction as that term is used in the Sentencing Guidelines. In fact, all three opinions are consistent with our conclusion that an order pursuant to section 1203.4 does not render the dismissed conviction a legal nullity. In *Paredes–Urrestarazu v. INS*, we held that

---

ties resulting from the offense or crime for which he or she was committed, and every person discharged may petition the court which committed him or her, and the court may upon such petition set aside the verdict of guilty and dismiss the accusation or information against the petitioner who shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he or she was committed, including, but not limited to any disqualification for any employment or occupational license, or both, created by any other provision of law.
Cal.Welf. & Inst.Code § 1772(a) (West 2001).

**5.** [The Federal Youth Corrections Act provided, in relevant part, that,
 (a) Upon the unconditional discharge by the commissioner of a committed youth of-

fender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the commission shall issue to the youth offender a certificate to that effect.
 (b) Where a youth offender has been placed on probation by the court, the court may thereafter, *in its discretion*, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.
18 U.S.C § 5021 (1984), *repealed by* Pub.L. No. 473 § 218(a)(8), 98 Stat. 2027 (1984).

the INS could deport the petitioner based on charges dismissed pursuant to California's pretrial diversion program. 36 F.3d 801, 815 (9th Cir.1994). In reaching this conclusion, we discussed a series of administrative decisions which held that the INS could consider convictions set aside pursuant to section 1203.4 when determining whether to grant discretionary relief from deportation. *Id.* at 808–09. In *Carr v. INS,* we held that the INS did not have to delay deportation proceedings "until Carr could receive an expungement because the INS would not recognize the expungement for deportation proceedings." 86 F.3d 949, 951 (9th Cir.1996). In *United States v. Qualls,* we did not reach the merits of the appellant's argument that a state conviction could not serve as the basis for a federal conviction for being a felon in possession of a firearm because the appellant never petitioned the state court for an order dismissing his conviction. 108 F.3d 1019, 1022 (9th Cir.1997). Neither *Paredes–Urrestarazu,* nor *Carr,* nor *Qualls* supports Hayden's contention that his prior convictions were "expunged" under the Sentencing Guidelines.

### III

Hayden also argues that his 1993 federal sentence was defective because his prior California convictions were not pleaded in his indictment or proven beyond a reasonable doubt, and he contends that the district court failed to acknowledge this error when it denied his second § 2255 petition. In *United States v. Pacheco–Zepeda,* we recognized that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not overrule *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and we held that a district court may consider a defendant's prior convictions when imposing a sentence without requiring the government to in-

clude the prior convictions in the indictment, submit them to a jury, or prove them beyond a reasonable doubt. 234 F.3d 411, 415 (9th Cir.2001). Hayden's argument that his prior convictions had to be "pleaded and proved" in accordance with the procedure described in section 1203.4 is foreclosed by *Pacheco–Zepeda,* and contradicts the general principle that federal courts follow federal, not state, rules of evidence and criminal procedure. The district court properly relied on Hayden's state convictions when it imposed his sentence in 1993.

### IV

Citing the Tenth Circuit case of *United States v. Cox,* 83 F.3d 336 (10th Cir.1996), Hayden argues that, at a minimum, we should remand his case to the district court for a hearing at which the district court would determine whether his dismissed convictions were "expunged." In *Cox,* the Tenth Circuit remanded the case to the district court for such a hearing because the appellant presented evidence that four of his prior convictions (including a California conviction) had been dismissed, but the Tenth Circuit could not determine the legal basis for each dismissal. *Id.* at 340 n. 3. Here, the parties agreed that Hayden's prior convictions were set aside pursuant to section 1203.4, and it is clear from the record that the parties are correct on this point. There is no need to remand Hayden's appeal for further proceedings.

### V

The district court properly denied Hayden's second § 2255 petition. A conviction set aside pursuant to California Penal Code section 1203.4 is not "expunged" under Sentencing Guideline § 4A1.2(j). Therefore, the Municipal Court orders set-

ting aside Hayden's state convictions do not entitle Hayden to a recalculated criminal history score or a recomputed federal sentence.

AFFIRMED.