**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James DARDEN, Defendant–Appellant.**

No. 99–50259.
D.C. No. CR–97–01140–DDP–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2001.*

Decided March 7, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See    Fed. R.App. P. 34(a)(2).

———

Before HALL, MICHEL,** and TROTT, Circuit Judges.

MEMORANDUM***

James Darden pleaded guilty to twelve counts of aiding and assisting in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2), and the district court sentenced him to forty-one months in prison. Darden timely appealed his sentence. We have jurisdiction over Darden's appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and for the reasons expressed below, we AFFIRM Darden's convictions, VACATE his sentence, and REMAND for the limited purpose of providing the district court the opportunity to comply with U.S.S.G. § 5G1.2(d) (2000).

**1. Computation of Tax Loss**

Darden points out that the statute under which he was convicted, 26 U.S.C. § 7206 ("§ 7206"), authorizes a three-year maximum term of imprisonment, or thirty-six months, and that he received a forty-one month sentence based primarily on the

district judge's well-documented factual finding that he caused $1.6 million in "tax loss." *See* U.S.S.G. §§ 2T1.4, 2T4.1. Darden claims that these circumstances violate the constitutional rule expounded in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Darden failed to make this argument to the district court, so we review his claim for plain error. Plain error requires (1) error, (2) that is plain, and (3) that affects the defendant's substantial rights. *United States v. Olano*, 507 U.S. 725, 733–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). If these three conditions are met, we may reverse, but "only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 735; *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

■ Had Darden been convicted of a single violation of § 7206, his argument might have merit. However, Darden pled guilty to *twelve* counts of violating § 7206. Because district courts have discretion to run consecutively the sentences for separate counts, *see* 18 U.S.C. § 3584 (2000), the statutory maximum for any one count does not necessarily cap the total punishment. *See* U.S.S.G. § 5G1.2(d) (instructing district courts to sentence defendants on a consecutive basis when "the highest statutory maximum is less than the total punishment" provided under the Guidelines).

In Darden's case, each of the twelve fraudulent tax return counts carried a three-year statutory maximum, for a potential maximum punishment of thirty-six years' imprisonment. Darden was never

** The Honorable Paul R. Michel, Circuit Judge for the Federal Circuit, sitting by designation.
*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

"exposed" to a sentence in excess of thirty-six years, and therefore no *Apprendi* violation occurred. *See United States v. Garcia–Guizar*, 234 F.3d 483, 488 (9th Cir. 2000). Furthermore, because Darden's actual sentence of forty-one months' imprisonment falls well below the thirty-six year statutory maximum to which he was subject, his substantial rights were not affected, and we need not reverse. *See United States v. Kentz*, 251 F.3d 835, 842 (9th Cir.2001).

Darden next contends that it is impermissible to "stack" his twelve counts together to arrive at a thirty-six year statutory maximum. This argument is foreclosed by *Kentz*. *See id.; see also United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002) (en banc); *United States v. Sturgis*, 238 F.3d 956, 959–960 (8th Cir.2001) (same); *United States v. Page*, 232 F.3d 536, 544 (6th Cir.2000) (same); *United States v. Duarte*, 246 F.3d 56, 62 n. 4 (1st Cir.2001) (collecting cases that have found the availability of consecutive sentences sufficient to defeat claims of plain error in the *Apprendi* context).

■ Darden finally argues that the district court violated U.S.S.G. § 5G1.2(d) by sentencing him to forty-one months for each of his twelve convictions because forty-one months exceeds the thirty-six month statutory maximum for any single count. The government concedes the point. Guidelines section 5G1.2(d) states: "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment [provided by the Guidelines] then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d). To comply with U.S.S.G. § 5G1.2(d), the district court should have sentenced Darden, for exam-

ple, to (1) thirty-six months on counts one through eleven, to run concurrently, and (2) five months on count twelve, to run consecutively. Accordingly, we vacate Darden's sentence and remand to the district court for the limited purpose of allowing the court to comply with U.S.S.G. § 5G1.2(d).

### 2. Acceptance of Responsibility

■ The district court granted Darden a two-level reduction for acceptance of responsibility because he pleaded guilty and expressed remorse for his participation in this offense, but the court refused to grant Darden an additional one-level reduction. Darden claims he was entitled to the additional one-level reduction.

We need not address this claim. If "the district court would have imposed the same sentence regardless of its determination on the [challenged sentencing issue], our resolution of the parties' dispute on this matter would be purely advisory." *United States v. Cooper*, 912 F.2d 344, 348 (9th Cir.1990); *accord United States v. Munster–Ramirez*, 888 F.2d 1267, 1273 (9th Cir.1989).

In this case, the district court stated on the record that even if Darden was entitled to the additional one-level reduction for acceptance of responsibility, it still would have sentenced him to forty-one months in prison. Accordingly, we need not address this particular argument.

### 3. Darden's Previous State Conviction

■ Finally, Darden claims that the district court erred by considering his 1992 California state conviction in determining his criminal history category. According to Darden, that prior conviction has been "expunged" because he successfully petitioned the California Court of Appeal to discharge the conviction pursuant to California Penal Code Section 1203.4. *See* CAL. PENAL CODE § 1203.4 (2000).

Darden is correct that "expunged" convictions are not to be counted in developing an offender's criminal offense history. *See* U.S.S.G. § 4A1.2(j). In contrast, convictions that have been "set aside ... for reasons unrelated to innocence or errors of law" are not formally expunged and should be counted in computing an offender's criminal history. U.S.S.G. § 4A1.2, cmt. 10.

Darden's successful petition under Cal.Penal Code § 1203.4 merely set aside his conviction; it did not expunge it. *See United States v. Hayden*, 255 F.3d 768, 772–74 (9th Cir.2001) ("A section 1203.4 order does not 'erase' or 'expunge' a prior conviction."). Because Darden's previous conviction was merely "set aside," the court properly considered it in determining Darden's criminal history category. *Id.*

AFFIRMED in part, sentence VACATED and REMANDED for further proceedings.