**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Patrick Lynn ANTRIM, aka Pat Lynn, Defendant—Appellant.**

No. 03–50232.

D.C. No. CR–00–00024–GLT–01.

United States Court of Appeals, Ninth Circuit.

Submitted March 1, 2004.*

Decided March 16, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald L. Cheng, Andrea L. Russi, USLA–Office of the U.S. Attorney, Los Angeles, CA, Kenneth B. Julian, USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Robinson D. Harley, Santa Ana, CA, for Defendant–Appellant.

Before SKOPIL, NOONAN, and BERZON, Circuit Judges.

## MEMORANDUM**

Defendant Patrick Antrim appeals the sentence imposed by the district court as a violation of the ex post facto clause of the Constitution. Because Antrim relies on a judicial action, our decision in *United States v. Hayden*, 255 F.3d 768 (9th Cir. 2001), as the basis for his claim, his claim falls under the due process clause rather than the ex post facto clause. *See United States v. Ruiz*, 935 F.2d 1033, 1035 (9th Cir.1991).

In *Hayden*, we held for the first time that a conviction that had been set aside pursuant to California Penal Code § 1203.4 did not qualify as "expunged" for purposes of the United States Sentencing Guidelines. 255 F.3d at 774–75. As Antrim did not plead guilty until November of 2002, more than a year after we decided *Hayden* in June of 2001, he had ample notice that he could be assigned a criminal history point for a 1995 California petty theft conviction that had been set aside in 1998 pursuant to California Penal Code § 1203.4. Accordingly, the assignment of a criminal history point to Antrim for his 1995 petty theft conviction did not violate his due process rights.

Antrim also argues that the government should be judicially estopped from assigning him a criminal history point for his 1995 conviction in the present case because the government did not seek to apply the criminal history point against Antrim when he was sentenced in a different case in the United States District Court for the Southern District of Iowa in 1999. Because Antrim did not present the judicial estoppel argument to the district court, he cannot raise the issue for the first time on appeal. *See United States v. Pimentel–Flores*, 339 F.3d 959, 967 (9th Cir.2003). Moreover, Antrim's judicial estoppel argument is substantively without merit because the government was not trying to "gain[ ] an advantage by taking one position" in Antrim's 1999 Iowa sentencing and then gain "a second advantage by taking an incompatible position" in Antrim's current sentencing. *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir.1996).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.