**UNITED STATES of America, Plaintiff—Appellee,**

v.

**James A. PATTON, a/k/a James A. Patten, Defendant—Appellant.**

No. 03–56284.

D.C. Nos. CV–00–07352–SVW, CR–88–00755–WDK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Decided Jan. 7, 2005.

Ronald L. Cheng, Wesley L. Hsu, Office of the U.S. Attorney, Criminal Division, Leon W. Weidman, Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Plaintiff–Appellee.

Carrie L. Hempel, Los Angeles, CA, for Defendant–Appellant.

Before HUG, PREGERSON, and BERZON, Circuit Judges.

MEMORANDUM *

Appellant James A. Patton ("Patton") appeals the district court's dismissal, on the basis of timeliness, of his second petition for habeas relief brought pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we reverse.

On June 27, 2000, just less than one year after Patton's state convictions were dismissed, Patton brought a § 2255 petition to correct his sentence. The district court dismissed that petition because it was Patton's second petition and because he had failed to obtain this Court's permission to file a second or successive habeas petition as required by §§ 2244(b)(3) and 2255. Patton appealed that dismissal. On August 21, 2001, a screening panel of this Court denied Patton's request for a certificate of appealability.

Patton subsequently sought this Court's permission to bring a second habeas petition under § 2255. On April 12, 2002, we granted leave for him to do so. Patton refiled his petition on July 16, 2002. The district court again dismissed the petition, this time on the ground that it was untimely. This dismissal was in error, as we had previously addressed the timeliness issue facing Patton.

In our April 12, 2002 Order, we granted Patton's request to file a second habeas petition in the district court, citing *United States v. Hayden*, 255 F.3d 768, 770 n. 3 (9th Cir.2001). In that case, Hayden filed a second § 2255 petition without first obtaining permission from this Court. The district court ruled on the merits and dismissed the motion. Hayden appealed the dismissal. While recognizing the district

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court's lack of jurisdiction over a second petition without prior approval of this Court, we construed the notice of appeal to constitute a "retroactive request" to file a second § 2255 motion. *See id.* ("Hayden did not obtain permission from this court before filing his second § 2255 petition, thereby depriving the district court of jurisdiction to review the petition.... Nevertheless, we construe Hayden's notice of appeal to this court as a retroactive request for permission to file a second § 2255 petition....").

*Hayden*'s third footnote relates solely to the issue of second or successive § 2255 petitions filed in district court, where the petitioner had not first secured permission of this Court. *See id.* Under *Hayden,* Patton's February 24, 2001 notice of appeal and request for certificate of appealability served as a retroactive request for leave to file a second § 2255 petition. Accordingly, our April 12, 2002 Order considered that notice of appeal as a retroactive request to file a second petition and granted that request *nunc pro tunc,* thereby correcting the earlier failure to do so.

The upshot is that this Court's April 12, 2002 Order considered the notice of appeal regarding dismissal of the June 27, 2000 petition as a retroactive request to file a second or successive petition and granted that request, belatedly correcting the earlier failure to do so. No other reason for citing *Hayden* occurs to us.

Our April 12, 2002 Order is the law of this case. *See Milgard Tempering, Inc. v. Selas Corp. of Am.,* 902 F.2d 703, 715 (9th Cir.1990) ("Under the doctrine [of law of the case], a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case.") Consequently, the district court erred in dismissing Patton's renewed motion for § 2255 relief on the ground that it was no longer timely.

Accordingly, we hereby reverse that dismissal, and remand the case to the district court for a determination on the merits of Patton's second § 2255 motion.

**REVERSED and REMANDED.**

