**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Enrique CARTER, Defendant—Appellant.**

No. 05–10167.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 1, 2006.

Bruce M. Ferg, Esq., Susan Baumann, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Enrique Carter appeals from the 60–month sentence imposed after he pleaded guilty to conspiracy with intent to distribute marijuana and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(vii), and 846. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's determination that a particular prior conviction may be used in calculating a defendant's criminal history score, *United States v. Hernandez–Hernandez,* 431 F.3d 1212, 1220 (9th Cir.2005), and we affirm.

Carter contends that the district court erred by counting his misdemeanor conviction for operating a motor vehicle while consuming alcohol when computing his criminal history category. We disagree. There is no merit to Carter's contention that at the time Carter received his misdemeanor conviction, or at any time later, the Arizona legislature considered drinking while driving to be sufficiently similar to drinking in public. *See* Ariz.Rev.Stat. §§ 4–244, 4–251. Thus, the district court properly counted this conviction.

Carter also contends that the district court erred by adding a criminal history point to his criminal history category because of his misdemeanor marijuana conviction. Again, we disagree.

Preliminarily, Carter challenges the sufficiency of the evidence of his misdemean-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

or marijuana conviction due to the district court's reliance on the presentence report. This contention is meritless. *See United States v. Marin-Cuevas*, 147 F.3d 889, 894–95 (9th Cir.1997) (concluding that a district court can consider a presentence report because it has a "sufficient indicia of reliability" to support its probable accuracy).

In addition, Carter contends that the district court should have treated his marijuana conviction as "expunged" because the state trial court dismissed the complaint after he successfully completed a diversion program. This contention also lacks merit. When analyzing whether a conviction set aside under a state statute is expunged for the purposes of calculating a person's criminal history under the guidelines, this court focuses on the language of the state statute. *See United States v. Hayden*, 255 F.3d 768, 770–73 (9th Cir. 2001). Here, although not raised by either party, the Arizona statute that allows for the set aside of convictions expressly provides that the underlying conviction may be used in subsequent prosecutions of the person. *See* Ariz.Rev.Stat. § 13–907. Thus, the district court did not err by counting this conviction when calculating Carter's criminal history category.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.