**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50055 |
| Plaintiff - Appellee, | D.C. No. 2:03-cr-00570-TJH-9 |
| v. | |
| RAFAEL ALEMAN MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted April 8, 2010[**]
Pasadena, California

Before: PREGERSON and THOMPSON, Circuit Judges, and CONLON, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

The defendant, Rafael Aleman Martinez, appeals his sentence for conspiracy to manufacture and distribute methamphetamine. The district court sentenced the defendant to the 10-year mandatory minimum sentence under the United States Sentencing Guidelines because he had a prior firearms conviction that rendered him ineligible for safety valve relief under 18 U.S.C. § 3553(f). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

In 1997, the defendant plead no contest to exhibiting a firearm in violation of California Penal Code § 417(A)(2). In 2004, the defendant plead guilty to conspiracy to manufacture and distribute methamphetamine in federal court. After his guilty plea, but prior to his sentencing for the methamphetamine conviction, the defendant filed a "Petition for Expungement," pursuant to California Penal Code § 1203.4, for his 1997 firearms conviction. The Los Angeles Superior Court granted the Petition, "sett[ing] aside and vacat[ing]" the defendant's guilty plea for the firearms conviction.

The defendant contends that the district court erred in concluding that he was ineligible for safety valve relief because of his prior firearms conviction. According to the defendant, because his prior firearms conviction was "expunged" under California Penal Code § 1203.4, it could no longer be counted as part of his criminal history under the Sentencing Guidelines, and he was therefore entitled to

2

safety valve relief. *See* U.S.S.G. § 4A1.2(j) ("Sentences for expunged convictions are not counted . . . .").

In *Alba-Flores*, however, we confirmed that California Penal Code "section 1203.4 relief does not result in an expungement" for the purpose of safety valve relief under the Sentencing Guidelines. 577 F.3d 1104, 1108 (9th Cir. 2009); *see also United States v. Hayden*, 255 F.3d 768, 774 (9th Cir. 2001) ("A conviction set aside pursuant to California Penal Code section 1203.4 is not 'expunged' under Sentencing Guideline § 4A1.2(j)."); *United States. v. Stoterau*, 524 F.3d 988, 1001 (9th Cir. 2008) (same).

The Sentencing Guidelines make clear that where, as here, a prior conviction is "set aside . . . for reasons unrelated to innocence or errors of law . . . [s]entences resulting from such convictions are to be counted." U.S.S.G. § 4A1.2, cmt. n.10; *see also id.* at cmt. n.6. The defendant sought to set aside his prior firearms conviction because he had "fulfilled the conditions of [his] probation." Because the defendant's prior firearms conviction was not expunged or set aside under the Sentencing Guidelines on the basis of innocence or legal error, it "remained countable," *Alba-Flores*, 577 F.3d at 1111, even after the California Court's order pursuant to California Penal Code § 1203.4.

3

The defendant argues that *Hayden*, on which our decision in *Alba-Flores* relied*,* is no longer good law, because after *Hayden* was decided, California added the word "expungement" to its § 1203.4 order form.  This argument lacks merit. *See Alba-Flores*, 577 F.3d at 1108, 1111 n.14; *see also Stoterau,* 524 F.3d at 1001 (citing *Hayden* with approval).

**AFFIRMED.**