FILED

**NOT FOR PUBLICATION**

MAR 17 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50019 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00411-CAS |
| v. | |
| LEOBARDO VASQUEZ RUIZ, a.k.a. Francisco Javier Bello Calvario, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Leobardo Vasquez Ruiz appeals from the 46-month sentence imposed
following his guilty-plea conviction for being an illegal alien found in the United
States following deportation, in violation of 8 U.S.C. § 1326(a). We have
jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Vasquez Ruiz contends the district court procedurally erred by: (1) treating the guidelines as presumptively reasonable; (2) failing to adequately explain the sentence or address the 18 U.S.C. § 3553(a) factors; and (3) failing to respond to Vasquez Ruiz's non-frivolous mitigation arguments. The record reflects that the district court did not treat the Sentencing Guidelines as presumptively appropriate, adequately explained the sentence, sufficiently addressed the section 3553(a) factors, and listened to the parties' arguments but found the circumstances insufficient to warrant a sentence lower than the one imposed. *See United States v. Carty*, 520 F.3d 984, 994-96 (9th Cir. 2008) (en banc).

Vasquez Ruiz also contends his sentence is substantively unreasonable because of the district court's failure to meaningfully consider the section 3553(a) factors, as well as the staleness and minor nature of two of his prior convictions. In light of the totality of the circumstances and the section 3553(a) factors, Vasquez Ruiz's sentence is substantively reasonable. *See id.* at 991-93.

Finally, we reject Vasquez Ruiz's invitation to call for an en banc hearing on this case because there is no intra-circuit conflict and he has failed to demonstrate that *United States v. Hayden*, 255 F.3d 768 (9th Cir. 2001), was wrongly decided. *See* Fed. R. App. P. 35(a).

**AFFIRMED.**

10-50019