**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 23-4105 |
| | 23-4107 |
| *Plaintiff - Appellee*, | |
| | D.C. Nos. |
| v. | 8:11-cr-00062-JLS-1 |
| | 8:23-cr-00060-JLS-1 |
| ROBERT LOUIS CARVER, AKA Donald Howard, AKA John Roberts, | |
| | OPINION |
| *Defendant - Appellant*. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted March 6, 2025[*]
Pasadena, California

Filed April 2, 2025

Before: Richard C. Tallman, Sandra S. Ikuta, and Morgan
B. Christen, Circuit Judges.

Opinion by Judge Ikuta

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

# SUMMARY[**]

## Criminal Law

The panel affirmed a sentence imposed on Robert Louis Carver in two separate criminal cases.

In calculating Carver's criminal history score under the Sentencing Guidelines, the district court added two points for each of two 1994 California convictions on the ground that each qualified under U.S.S.G. § 4A1.1(b) as a "prior sentence of imprisonment of at least sixty days[.]"

In determining criminal history, courts do not count sentences for "expunged convictions." U.S.S.G. § 4A1.2(j). Carver argued that the prior convictions were expunged within the meaning of § 4A1.2(j) when a state court granted his motions to set those convictions aside pursuant to section 1203.4 of the California Penal Code, which allows defendants to obtain specified and limited relief from prior criminal offenses.

The panel held that *United States v. Hayden*, 255 F.3d 768 (9th Cir. 2001) (holding that convictions set aside under § 1203.4 are not expunged for purposes of § 4A1.2(j)), squarely resolves this appeal. Because *Hayden* used the traditional rules of interpretation, not reliance on the commentary, the panel rejected Carver's argument that *Hayden* is clearly irreconcilable with *Kisor v. Wilkie*, 588 U.S. 558 (2019), which modified the standard under which

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

courts defer to agency constructions of their own regulations.

## COUNSEL

Jennifer L. Waier, David R. Friedman, and Bram M. Alden, Assistant United States Attorneys; Mack E. Jenkins, Assistant United States Attorney, Chief, Criminal Division; E. Martin Estrada, United States Attorney; Office of the United States Attorney, United States Department of Justice, Los Angeles, California; for Plaintiff-Appellee.

Kathryn A. Young, Deputy Federal Public Defender; Cuahtemoc Ortega, Federal Public Defender; Federal Public Defender's Office, Los Angeles, California; for Defendant-Appellant.

**OPINION**

IKUTA, Circuit Judge:

In determining a defendant's criminal history under the United States Sentencing Guidelines ("Guidelines"), courts do not count sentences for "expunged convictions." U.S.S.G. § 4A1.2(j). We have held that convictions set aside under section 1203.4 of the California Penal Code are not expunged for purposes of section 4A1.2(j) of the Guidelines. *See United States v. Hayden*, 255 F.3d 768, 772 (9th Cir. 2001). Because *Hayden* used the "'traditional tools' of construction" to reach its conclusion, *Kisor v. Wilkie*, 588 U.S. 558, 575 (2019) (quoting *Chevron U. S. A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843, n.9 (1984)), we reject the defendant's argument that *Kisor* overruled *Hayden*.

I

Robert Louis Carver pleaded guilty to three charges arising from two separate criminal cases. From April 2004 through March 2008, Carver fraudulently sold investments in several biotechnology companies. In March 2011, the government filed a 14-count indictment against Carver as to the biotechnology fraud. From 2017 to 2018, Carver used the identity of D.H. (a real person) to act as an unlicensed stock broker by fraudulently selling shares of a lighting company. In May 2023, the government filed a two-count information against Carver as to the lighting company scheme. The government later filed an identical plea agreement addressing both cases. The parties agreed that Carver's total offense level under the Guidelines was 20. There was "no agreement as to [Carver's] criminal history or criminal history category."

The United States Probation Office ("Probation") filed a single initial presentence investigation report in both cases. Probation agreed that Carver's total offense level was 20. As for Carver's criminal history, Probation identified two prior California convictions from 1994 that each qualified as a "prior sentence of imprisonment of at least sixty days[,]" pursuant to section 4A1.1(b) of the Guidelines. Each conviction added two points to Carver's criminal history score, for a total criminal history score of four. Using this criminal history score, Probation determined that Carver's criminal history category under the Guidelines was III.

Carver objected to Probation's calculation of his criminal history score and argued that his prior convictions were expunged within the meaning of the Guidelines, and therefore should not be counted toward his criminal history. Carver based his argument on events in 1997 and 2007, when a state court granted Carver's motions to set aside his prior convictions pursuant to California Penal Code section 1203.4(a)(1), which allows defendants to obtain specified and limited relief from prior criminal offenses.[1] Carver argued that his prior convictions were expunged for purposes of section 4A1.2(j) of the Guidelines.

---

[1] California Penal Code section 1203.4(a)(1) provides that certain defendants are "permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty." The court may then dismiss the accusation or information against the defendant, who shall "be released from all penalties and disabilities resulting from the offense of which they have been convicted," with a large range of exceptions. *Id.* Among other exceptions, "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." *Id.*

The district court rejected Carver's argument. It concluded that the relief Carver obtained under section 1203.4(a)(1) of the California Penal Code did not amount to the kind of expungement referred to under section 4A1.2(j) of the Guidelines. Carver timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review "the district court's interpretation of the Guidelines de novo, the district court's application of the Guidelines to the facts of the case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Cabrera*, 83 F.4th 729, 738 (9th Cir. 2023) (internal quotation marks and citation omitted).

## II

## A

The Guidelines provide a general rule for determining a defendant's criminal history: add between 1 and 3 points "for each prior sentence of imprisonment" of a certain length. U.S.S.G. § 4A1.1(a)–(c). The Guidelines then define "prior sentence," *id.* § 4A1.2(a), before stating that "[s]entences for expunged convictions are not counted, but may be considered" in evaluating an upward departure, *id.* § 4A1.2(j).[2]

## B

We addressed the interplay of section 4A1.2(j) of the Guidelines and section 1203.4 of the California Penal Code

---

[2] The Guidelines allow upward departures to a defendant's criminal history category if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1).

in *Hayden*. 255 F.3d at 772. There, a defendant successfully petitioned a state court to set aside two prior convictions. *Id.* at 770. The defendant filed a habeas petition in federal court, arguing that he should be resentenced in light of the state court having set aside two of his convictions. *Id.* The district court concluded that the convictions "were not 'expunged' within the meaning of the Sentencing Guidelines," *id.*, and we agreed, *id.* at 774.

We first noted that section 4A1.2 states that expunged convictions are not counted, *id.* at 770. We then explained that the Guidelines' commentary distinguishes between expunged convictions and a "more limited remedy, afforded 'for reasons unrelated to innocence or errors of law,'" *id.* at 771 (quoting U.S.S.G. § 4A1.2 cmt. n.10).[3]

But rather than relying on the Guidelines' commentary, we reviewed the Guidelines de novo to determine if the defendant's convictions were expunged by the state court or merely set aside. We began with the dictionary definition of the word "expunged." *Id.* We stated that "[t]o 'expunge' is 'to erase or [to] destroy,' and an 'expungement of record' is '[t]he removal of a conviction (esp. for a first offense) from a person's criminal record.'" *Id.* (quoting *Expunge*, Black's Law Dictionary (7th ed. 1999)). We then compared that definition with the relief made available by California Penal

---

[3] Comment 10 to section 4A1.2 states that "[a] number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction." It also states that, "[s]entences resulting from such convictions are to be counted" as part of the criminal history. *Id.* In other words, if a prior conviction is set aside for reasons not related to innocence or error of law, the court counts the convictions for criminal history purposes.

Code section 1203.4(a)(1), and determined that section 1203.4(a)(1) does not erase or destroy a conviction from a person's criminal record. *Id.* at 771–72. This is because the relief provided by section 1203.4 is limited in that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." *Id.* (citation omitted).

We then concluded that the text of section 1203.4, as interpreted by California courts, showed that a conviction set aside under that statute was not erased or destroyed. *Id.* First, we noted that the "plain language of section 1203.4(a) indicates that California courts may use convictions set aside pursuant to [section 1203.4] when sentencing the petitioner if he is later convicted of another crime." *Id.* at 772. Moreover, a state court of appeal "held that a defendant whose conviction was set aside pursuant to section 1203.4 remained subject to prosecution for possession of a firearm by an ex-felon." *Id.* (citing *People v. Frawley*, 82 Cal. App. 4th 784, 791–92 (2000)). *Hayden* also identified at least four ways in which a set-aside conviction under section 1203.4(a)(1) "may be used in a variety of civil and evidentiary contexts" that the California legislature has authorized. *Id.* Among other uses, convictions set aside under section 1203.4 "may be used to suspend a medical license, disbar an attorney, revoke a liquor license, and impeach a witness." *Id.*

In sum, considering the dictionary definition of the word "expunge," and the interpretation of section 1203.4 by California courts, *Hayden* concluded that section 1203.4 "does not 'erase' or 'expunge' a prior conviction, and a conviction set aside pursuant to this statute falls under

§ 4A1.2's general rules governing federal courts' use of prior convictions, and not under § 4A1.2(j)'s exception for 'expunged' convictions." *Id.* In reaching this conclusion, *Hayden* did not rely on the Guidelines commentary.

*Hayden* squarely resolves Carver's appeal. Carver's prior convictions, set aside under section 1203.4(a)(1) of the California Penal Code, were not "expunged convictions" within the meaning of section 4A1.2(j) of the Guidelines. Therefore, the district court correctly concluded that Carver's prior convictions should be counted in calculating Carver's criminal history score under the Guidelines.

## C

Carver raises two arguments against this conclusion. First, Carver argues that *Hayden* is clearly irreconcilable with *Kisor*. We disagree. *Kisor* modified the standard under which courts defer to agency constructions of their own regulations. 588 U.S. at 563–64. Before the Supreme Court decided *Kisor*, courts deferred "to the agency's construction of its own regulation" unless it was "plainly erroneous or inconsistent with the regulation." *Id.* at 568 (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945)). The Supreme Court had held that the Guidelines were "equivalent of legislative rules adopted by federal agencies," and that courts therefore owed the same sort of deference to the Sentencing Commission's commentary to the Guidelines. *Stinson v. United States*, 508 U.S. 36, 38, 44–45 (1993). But in *Kisor*, the Supreme Court reinforced "some of the limits inherent in" this deference regime, and set forth a more comprehensive series of steps for courts to apply before deferring to agency constructions of their own regulations. 588 U.S. at 574–80. Most important, *Kisor* held that a court must first "exhaust all the 'traditional tools' of

construction," including "the text, structure, history, and purpose of a regulation," before resorting to deference. *Id.* at 575 (quoting *Chevron*, 467 U.S. at 843 n.9).

*Hayden* took just such an approach. We interpreted de novo the word "expunged" in section 4A1.2(j) based on its dictionary definition. 255 F.3d at 771. We then considered section 1203.4 in light of this dictionary definition and determined that a conviction set aside under section 1203.4 did not qualify as "expunged" under the Guidelines. *Id.* at 771–72. Because this approach used the traditional tools of interpretation, not reliance on the commentary, *Kisor* is not "clearly irreconcilable" with *Hayden*'s de novo review of the term "expunged" within the Guidelines. *Cf. Miller v. Gammie*, 335 F.3d. 889, 900 (9th Cir. 2003) (en banc).

Second, Carver argues that *United States v. Castillo*, 69 F.4th 648 (9th Cir. 2023), compels a different result. Again, we disagree. In *Castillo*, we considered section 4B1.2 of the Guidelines, which defined various terms used in section 4B1.1 (establishing when a defendant is a career offender). *Id.* at 652. The text of section 4B1.2(b) defined the term "controlled substance offense" as an "offense under federal or state law . . . that prohibits the manufacture, import, export, distribution or dispensing of a controlled substance . . . or the possession [of the same] with intent to manufacture, import, export, distribute or dispense." U.S.S.G. § 4B1.2(b). The text of this section did not include conspiracy to commit any of the offenses or any other inchoate offense. *Castillo*, 69 F.4th at 652. However, the Guidelines commentary provided that "controlled substance offenses" included "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* (quoting U.S.S.G. § 4B1.2, cmt. n.1 (2022)). Guided by *Kisor*, we held that section 4B1.2(b) "unambiguously

excludes inchoate crimes" such as conspiracy, *id.* at 658, and we therefore rejected the Guidelines commentary that expanded section 4B1.2(b) to include conspiracy, *id.* at 663 n.7.  We concluded that a conviction for conspiracy to distribute a controlled substance did not qualify as a controlled substance offense under section 4B1.2(b).  *Id.* at 664.

Unlike the district court in *Castillo, Hayden* did not defer to the commentary in holding that convictions set aside under California Penal Code section 1203.4(a)(1) were not "expunged" under the text of Guidelines section 4A1.2(j). 255 F.3d at 772.  Rather, *Hayden*'s independent textual analysis was consistent with *Kisor*, and we did not rely on deference to the commentary.  *Compare id.* at 771–72 (analyzing definition of text in the Guidelines), *with Castillo*, 69 F.4th at 653 (distinguishing meaning of text only in the commentary to the Guidelines).  *Castillo* does not require us to jettison well-reasoned precedent that did not rely on agency deference.

**AFFIRMED.**