**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 2, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARLON ALONZO SMITH,

    Defendant - Appellant.

No. 25-4011
(D.C. No. 2:16-CR-00020-DN-1)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]

_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.

_____

Marlon Smith is serving a prison sentence. The district court denied his

motion for compassionate release. We affirm.

I

Federal courts generally may not modify a prison sentence after it has been

imposed. *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021). But this general

rule has exceptions, and one of them is compassionate release. *See id.* A district

court may reduce a sentence under the relevant compassionate-release provision if

---

[*] Oral argument would not help us decide this appeal, so we have decided it
based on the record and the parties' filings. *See* Fed. R. App. P. 34(a)(2)(C);
10th Cir. R. 34.1(G). This decision is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited
for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

"extraordinary and compelling reasons" warrant the reduction; the "reduction is consistent with applicable policy statements" from the Sentencing Commission; and, the relevant sentencing factors in 18 U.S.C. § 3553(a) support a reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also Hald*, 8 F.4th at 937–38.

## II

The events underlying this case began when a Utah Highway Patrol trooper stopped Smith for speeding.  During the traffic stop, a drug-detection dog signaled that he smelled drugs in Smith's car.  When the trooper ordered him out of the car, Smith sped off.  He took troopers on a chase with speeds reaching roughly 115 miles per hour.  The chase ended when troopers spiked his tires.  Troopers ultimately found 2 kilograms of marijuana and 1.7 kilograms of methamphetamine in Smith's car.

A federal jury convicted Smith of possessing methamphetamine with the intent to distribute it.  The sentencing guidelines recommended a term between 292 and 365 months.  But the court imposed a significantly shorter term, 180 months (15 years) in prison followed by 60 months (5 years) of supervised release.

After serving just under nine years of his sentence, Smith moved for compassionate release.  He claimed that several extraordinary and compelling reasons justified his release, including his mother's deteriorating health and her lack of a reliable caregiver, his own health problems, and abuse he suffered from prison authorities.  And he argued that the relevant § 3553(a) factors supported release for several reasons, including his record of rehabilitation and good behavior in prison, the low likelihood that he would commit another crime, and the nature of his offense.

The district court denied Smith's motion for two independent reasons. First, the court concluded that Smith failed to show an extraordinary and compelling reason warranting a shorter sentence. Second, the court found that the relevant § 3553(a) factors militated against release. The court highlighted the nature of Smith's offense, including the high-speed chase; his criminal history, including "convictions for robbery (during which a co-defendant shot the robbery victim) and violation of a protective order (during which he rammed his vehicle into his ex-wife's car during a child custody exchange)"; and the original sentence's significant variance from the guidelines range. R. vol. 1 at 145.

### III

We review the district court's order for an abuse of discretion.[1] *See United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024). A court abuses its discretion when it relies on an incorrect legal conclusion or a clearly erroneous factual finding. *See id.*

We need not review the district court's conclusion that Smith failed to present an extraordinary and compelling reason for relief because we conclude that the court acted within its discretion when it found that the relevant § 3553(a) factors disfavored release.

---

[1] Smith urges us to refuse to consider the government's brief because it never responded to his motion in district court. But the government had no obligation to respond to the motion according to the district court's General Order 22-022.

Challenging the district court's assessment of the relevant § 3553(a) factors, Smith claims the court relied on several pieces of inaccurate information. While the court found that he had served roughly 59% of his prison term, Smith insists he has served 70% of his "projected release time." Aplt. Br. at 6. We aren't sure exactly what Smith's calculation measures, but the district court's calculation was accurate. Smith also disputes the court's characterization of the allegations underlying his prior convictions, but those characterizations match the descriptions in the presentence investigation report. So we cannot say the court's characterizations were clearly erroneous. Still, Smith highlights evidence that, after sentencing in this case, a state court withdrew his guilty plea in the prior case involving his ex-wife and dismissed the information. But the state court acted under a statute, California Penal Code § 1203.4, that authorizes postjudgment dismissals unrelated to innocence or legal error, *see United States v. Hayden*, 255 F.3d 768, 770–74 (9th Cir. 2001). A dismissal under section 1203.4 "does not erase or destroy a conviction from a person's criminal record." *United States v. Carver*, 132 F.4th 1158, 1161 (9th Cir. 2025). And so the district court did not clearly err when it identified the prior conviction as part of Smith's criminal history.

Some of Smith's arguments fail because they rely on information not presented to the district court. Smith asserts that a recent prison disciplinary report against him "is pending dismissal." Aplt. Br. at 6. Yet he offers no citation to the record to support this assertion, and our review of the record uncovered no support for it. Smith also relies on documents he filed after the district court ruled on his

4

compassionate-release motion.  But we "generally limit our review on appeal to the record that was before the district court when it made its decision."  *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008).

Smith's remaining arguments essentially ask us to reweigh the relevant § 3553(a) factors.  He underscores his rehabilitation efforts and productive activities in prison, his family support, and the amount of time that has passed since his prior robbery conviction.  Those circumstances surely favor him.  But the district court found that they were outweighed by other factors—for example, the seriousness of Smith's offense and the need to protect the public from additional crimes.  The court had discretion in weighing the relevant factors.  *See Hald*, 8 F.4th at 949.  And we can reverse only if "we have a definite and firm conviction" that the court "made a clear error of judgment or exceeded the bounds of permissible choice."  *Id.* (internal quotation marks omitted).  The record permits no such conviction.

<div align="center">*     *     *</div>

The district court's order is affirmed.

<div style="margin-left: 50%;">
Entered for the Court

Nancy L. Moritz
Circuit Judge
</div>